BOARD OF COMMISSIONERS OF THE TOWN OF PHILLIPSBURG, PROSECUTOR, v. D. FREDERICK BURNETT, COMMISSIONER, AND HERBERT J. FRANCO AND WILLIAM H. SWICK, RESPONDENTS.

Argued May 9, 1940—Decided July 22, 1940.

158

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Sylvester C. Smith, Jr.*

For D. Frederick Burnett, *Edward J. Dorton.*

For Herbert J. Franco and William H. Swick, *Robert B. Meyner.*

The opinion of the court was delivered by

CASE, J. The writ brings up an order of the State Alcoholic Beverage Commissioner made March 11th, 1940, wherein (1) an ordinance of the town of Phillipsburg was "set aside, vacated and repealed pursuant to the power conferred by *R. S.* 33:1-41" and (2) two new plenary retail distribution licenses granted by the Board of Commissioners of the town of Phillipsburg were "canceled and declared null and void, and of no force and effect."

On May 22d, 1935, the Board of Commissioners of the town of Phillipsburg adopted a resolution, pursuant to the provisions of *Pamph. L.* 1934, *ch.* 85, limiting the number

of plenary retail distribution licenses to three. Three licenses were granted thereunder and are not questioned in this litigation. On August 16th, 1939, the board adopted an ordinance, pursuant to the provisions of *R. S.* 33:1-40, *infra,* fixing the number of plenary retail distribution licenses at five and repealing the previous limitation. Thereupon the board issued two additional licenses. It is that ordinance that the Commissioner of Alcoholic Beverages undertook to repeal and those licenses that he declared void. Prosecutor contends that the power to enlarge or to remove entirely the limitation on the number of licenses lay in the governing body of the town, that the commissioner was without authority to vacate or repeal the ordinance, that the statute, if and to the extent that it undertook to grant such authority, is unconstitutional and that, assuming authority, the evidence does not support the commissioner's decision.

The controlling statute was originally passed as chapter 436, *Pamph. L. 1933,* and is now embraced within the Revision as chapter 1 of title 33. The sections which have particular application are:

33:1-3 which established the office of State Commissioner of Alcoholic Beverages and provided that "It shall be the duty of the commissioner to supervise the manufacture, distribution and sale of alcoholic beverages in such a manner as to promote temperance and eliminate the racketeer and bootlegger;"

33:1-5 providing that each municipality of fifteen thousand population or over may establish a municipal board of alcoholic control;

33:1-12.3a providing that the governing body may, by ordinance, enact that no plenary retail distribution license shall be granted within its municipality;

33:1-19 providing that "It shall be the duty of the governing board or body of each municipality, except in such municipalities as shall have created municipal boards pursuant to this chapter, in which latter event it shall be the duty of such respective municipal boards, to administer the issuance of all other (viz., inclusive of plenary retail distribution) licenses within their respective municipalities, in accordance

with this chapter, and forthwith to report the issuance of all such licenses to the commissioner. The issuing authorities constituted by this section are sometimes hereinafter referred to as 'other issuing authority';"

33:1-22 providing that if "the other issuing authority" shall refuse to issue or shall issue a license an aggrieved party may appeal to the commissioner;

33:1-31 providing that any license, whether issued by the commissioner or any other issuing authority, may be suspended or revoked by the commissioner and that the other issuing authority may suspend or revoke a license issued by it, upon the grounds set forth therein;

33:1-38 authorizing the commissioner to order "the other issuing authority" to issue or to revoke a license and "to make all findings, rulings, decisions and orders as may be right and proper and consonant with the spirit of this chapter;"

33:1-40 providing "The governing board or body of each municipality may, as regards said municipality, by ordinance, limit the number of licenses to sell alcoholic beverages at retail, but any such limitation adopted by ordinance or resolution prior to July first, one thousand nine hundred and thirty-seven, shall continue in full force and effect until repealed, amended or otherwise altered by ordinance" and that "The aforesaid limitations of number of licenses and of hours of sale shall be subject respectively to appeal to the commissioner, as hereinafter provided;" and

33:1-41 providing that "If any person affected or who might be affected by any limitation of the number of licenses or of the hours between which sales of alcoholic beverages at retail may be made shall consider himself aggrieved thereby, he may appeal to the commissioner in respect thereto and thereupon the commissioner, after public hearing, may set aside, vacate and repeal the limitation complained of or change, alter, amend or otherwise modify the same."

The 1939 ordinance increased the maximum number of plenary retail distribution licenses in this language: "The number of plenary retail distribution licenses outstanding in the Town of Phillipsburg at the same time shall not exceed

five." The governing body retained to itself the local licensing power. Upon the passage of the ordinance it increased the granted licenses to five. The old licensees appealed to the commissioners from the enactment of the new ordinance and from the granting of the two additional plenary retail distribution licenses and stated, amongst other objections to the granting of the licenses, that the action was against neighborhood opposition and public convenience and that it was unnecessary and socially undesirable. The ruling of the commissioner is stated above. This writ is prosecuted by the town of Phillipsburg.

The right extensively to regulate the sale of intoxicating liquors by retail is within the police power of the state. *Meehan* v. *Excise Commissioners*, 73 *N. J. L.* 382; 75 *Id.* 557. Broad control by the commissioner over the conduct of licensees under the existing statute has been judicially sustained, *Franklin Stores Co.* v. *Burnett*, 120 *Id.* 596, as has also the right of imposing regulations and suspending the licenses of offending licensees, *Gaine* v. *Burnett*, 122 *Id.* 39; 123 *Id.* 317. We think that the commissioner, under the proofs and under his finding, based upon the proofs, that public necessity and convenience did not warrant the granting of those additional plenary retail distribution licenses, had authority to revoke the licenses. However, it was not necessary for him, in reaching that result, to attempt to vacate the ordinance. The statute sharply distinguishes between the function of the Board of Commissioners as a legislative body (an ordinance is the equivalent of legislative action, *Stemmler* v. *Madison*, 82 *Id.* 596) and its function as a license issuing authority. The fact that the ordinance limited the number of licenses to five and permitted the granting of licenses up to and inclusive of that number did not require either the board or the commissioner to issue or to sustain the issuing of licenses up to the maximum. The statutory language granting the right of appeal from limitations in number is not entirely clear; but the proposition that a state administrative officer may flatly repeal a municipal ordinance, solemnly passed in accordance with statutory authority contained within the immediate text, is rather startling. Such

an authority does not appear to be consistent with the first portion of 33 :1-40 *supra*. But we need not, and do not, determine whether or not the commissioner could, in a circumstance where such action was necessary to accomplish his desired result, repeal an ordinance. We think that the determination was unnecessary in the instant case and that it was an unreasonable exercise of the authority if the same existed. The various and detailed powers and duties of the commissioner as embraced within the statute revolve, we think, about the primary duty (*R. S.* 33 :1-3, *supra*), of supervising the manufacture, distribution and sale of alcoholic beverages in such manner as to promote temperance and eliminate the racketeer and bootlegger. The invalidating of an ordinance fixing a maximum in the number of licenses is not reasonably essential, in our opinion, to the accomplishment of any of the designated purposes inasmuch as the actual limitation in the issuance of licenses may be kept by the commissioner, as the appellate authority under *R. S.* 33 :1-22, at a lesser number when the circumstances justify.

The commissioner's decision is so phrased as to contain at its conclusion the directive provisions of an order and no other order than it is printed. Although the statute, *R. S.* 33 :1-38, requires the commissioner (1) to render written decisions and (2) to enter orders pursuant thereto, we have assumed that the writing was intended to serve the double purpose of giving the commissioner's conclusions and of constituting the appropriate order.

So much of the order as purports to set aside, vacate and repeal the ordinance or any part of it is reversed. So much as reverses the decision of the board to grant the licenses is affirmed. If it is considered that the commissioner's order should take the form of a direction to the board under *R. S.* 33 :1-38, counsel will be heard as to that. No costs.