BENJAMIN F. BUTLER, RESPONDENT, v. JERSEY COAST NEWS COMPANY, APPELLANT.

Submitted February 12, 1932—Decided May 16, 1932.

For the appellant, *T. Millet Hand.*

For the respondent, *Albert S. Woodruff* and *William Harris.*

The opinion of the court was delivered by

LLOYD, J. The appeal in this case is by the Jersey Coast News Company from a judgment rendered against it at the suit of the plaintiff for injuries received through coming in contact with a charged electric light wire which it was alleged was caused to fall into the highway as a result of the negligence of the appellant's driver.

The story as told by the plaintiff was that he was driving north on the public highway between Laurelton and Point Pleasant in Ocean county. Defendant's truck, also driving north, passed him at a speed of fifty to sixty miles an hour, skidded across the highway and finally left the road, striking an electric light pole, breaking it and causing the pole and wire to sag partly across the highway. The road was icy and claimed by the plaintiff for this reason to be especially dangerous. The plaintiff's story additionally was that, observing the accident, he got out of his car and ran to the assistance of the driver of the truck who, he said, was under the truck, and as he did so he came into contact with the charged wires and was severely burned.

Numerous errors are alleged, the principal of which are that the court refused to control the case by nonsuit or direction of a verdict for the defendant. In arguing these points appellant insists that there was no proof of negligence, that the injury was not the proximate result of any negligence that might have existed, and that the defendant owed no duty to the plaintiff with respect to the injuries received, in that the latter was a volunteer attempting to assist one to whom he was under no obligation to render aid.

We think the trial judge properly submitted the case to the jury. The truck was going at a prohibited speed; it had an icy pavement on the highway as additional precaution against extreme speed. This was evidence of negligence, the natural result of which would be the skidding which took place. Skidding, one may come to rest at any point in the highway or on either side, and in doing so, if on either side, come into collision with whatever might be there present (in this case an electric light pole) a natural result of which would be to disturb it and possible knock it down as here happened. It is known to every driver in the highway that these poles carry high electric charges and that collision with them and bringing those wires to the ground would naturally endanger the users of the highway. This situation and the conditions which the driver was bound to anticipate answer the first two grounds of appeal.

As to the third ground, the plaintiff was a user of the highway. Seeing the driver of the truck pinned under his truck he naturally went to his assistance. It is true that he was not obliged to do so under the law, but he was upon the highway and as such had a right to exercise a power to either aid in removing the obstruction or assisting anyone who appeared to be in danger.

As we view this case it does not come within the class known as rescue cases in which the law has been variously determined in courts of justice. These are all cases of obvious danger and risk to the rescuing party, like one jumping overboard to save another's life or rescuing one from a burning building. Here, so far as appearances were concerned,

there was nothing that necessarily and obviously suggested danger. It is true there was an electric wire with which the plaintiff came into contact, but that the danger of it was so obvious that he ought to have been, as a matter of law, held to avoid it on the theory that he was running into extreme danger as a rescuer would seem not to be the case. For this reason it is unnecessary to invoke or even determine the law of this state in the so-called rescue cases.

The judge did submit to the jury the question of the plaintiff's negligence in doing what he did and this was as far as the defendant was entitled to have that phase of the case submitted with instructions to the jury.

The remaining grounds of appeal refer to the charge of the learned trial judge and the manner in which he dealt with the requests for instructions to the jury.

The first of these is that the court erred in charging the jury that "every person operating a motor vehicle who shall knowingly be involved in an accident shall at once stop and ascertain the extent of the injury and render such assistance as may be needed." While conceding that this is the law in a case to which it is applicable, the appellant complains that it was harmful in that the jury would infer that it implied a duty to stop under the facts of this case. The statement was true as an abstract proposition of law though it had no application where the plaintiff was not involved in an accident.

We think the mere fact that plaintiff's car was proceeding along the highway and the defendant's truck, passing it, began to skid and ultimately met with the mishap which befell it, did not involve the plaintiff's car in an accident within the meaning of the quoted provision fo the Traffic act, any more than any one of a score of other cars which the truck may have so passed. The Traffic act, chapter 281 (1928), from which the instruction was taken is a penal one and renders an offender liable to fine, and in default of payment, to imprisonment. It should be construed strictly and so construed, we conceive it to be applicable to those only who are actually involved in an accident as part thereof, in some way

as a party thereto. There was no proof that the plaintiff was in anywise so involved. It was not claimed that he was crowding the driver of the defendant's truck when it passed or that he speeded up to prevent the passage.

We do not, therefore, think the erroneous instruction requires a reversal of the judgment. The learned trial judge submitted the propriety of his conduct to the jury under proper instructions respecting contributory negligence and whether the plaintiff went to the assistance of the driver of the truck under a sense of legal or moral obligation was not of great moment.

It is next said that the court erred in charging the jury that every person having occasion to use the public highways of the state is entitled to feel that he is absolutely safe while using ordinary care, and if one renders its ordinary use dangerous, he is lawfully answerable for injuries resulting there-from to a lawful user of such highway." Abstractly this was an incorrect statement of the law in that it omitted the word "negligently" preceding the word "renders," but we think this was clearly implied by what the court had previously said when it clearly and unqualifiedly instructed the jury that there could be no recovery unless the defendant's driver was negligent. The quotation was taken from the opinion in the case of *Brady* v. *Railway Co.*, 80 *N. J. L.* 471, a nuisance case, which was quite different from the present in that the obstruction there dealt with was deliberately placed, but, as stated, we think the jury must have understood that the instruction was to be taken in connection with the general charge, in which the liability of the defendant was made to depend on the negligence of its driver.

The tenth point is without substance. It is the denial of a request made by the defendant for instruction to the jury as follows: "If you find that the defendant's truck at the time it passed the plaintiff was under proper control and did not get out of control until it was completely past the plaintiff and some distance ahead of him, your verdict should be for the defendant." It is not apparent just what relevancy this has to the case. The question was whether the defendant

in his speedy driving under the conditions was guilty of negligence causing his car to skid, and it mattered not at just what point it got out of control, whether as it passed the plaintiff or before or after. It was the negligence causing the truck to leave the road that created the liability.

The same is true respecting the eleventh point where the court refused to charge that "if the jury believed that the manner in which defendant's truck was driven past plaintiff's car was not a substantial or material factor in causing the plaintiff's injuries, the verdict should be for the defendant."

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER. CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—None.