FRANK MAZZELLA, RESPONDENT, v. JOHN B. LEE, APPELLANT.

ANNA MAZZELLA, RESPONDENT, v. JOHN B. LEE, APPELLANT.

ANNA MAZZELLA, RESPONDENT, v. JOHN B. LEE, APPELLANT.

Submitted October 13, 1933—Decided January 26, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Raymond E. Taylor* (*Frank P. Zimmer,* of counsel).

For the respondents, *Green & Green.*

PER CURIAM.

These appeals are from judgments rendered against the appellant and in favor of the respondents, the cases being to recover damages arising out of injuries received by Anna Mazzella and damage to the car of Frank Mazzella. The single specification of determinations argued is that there should have been a verdict directed in favor of the defendant on the ground that Anna Mazzella was guilty of negligence which contributed to the accident out of which the actions grew. It is urged additionally (though without right) that

as to one of the actions Anna Mazzella was a trespasser on the defendant's car and that in such case the defendant owed no duty except to refrain from willful injury. This question, however, was not presented to the trial judge nor is it a specification of error in the determination complained of, and cannot be urged here.

There was a sort of combination of accidents, all, however, growing out of a single circumstance. Anna Mazzella was driving the car of her husband, Frank Mazzella, in an easterly direction on Central avenue in Newark. As she approached Dey street she was stopped by a line of cars, and the appellant coming up from behind collided with her car. Appellant passed out to the side of plaintiff's car and stopped. Mrs. Mazzella got out, stepped to the rear of her car and called the appellant to look at its damaged condition. To this the latter paid no attention and refused to exhibit his license card which plaintiff had demanded to see. She was holding on to his car as she talked to him and appellant suddenly started his car and dragged her some fourteen or fifteen yards. She was not injured in the original collision but did receive injuries by being thrown and dragged.

Appellant's contention was that the conditions of traffic were such that his car could not remain where it was, and that he offered to drive the car to a nearby garage and there exhibit his license.

It could scarcely be urged that Anna Mazzella was guilty of negligence contributing to the collision, and whether she was guilty of negligence in attempting to restrain the appellant from moving his car away after he had refused to show his driver's license, we think was a fair question for the judge sitting without a jury.

Generally speaking the Traffic act of 1928, chapter 281, article 2, paragraphs 2 and 3, which require the driver of a car involved in an accident to stop his vehicle at the scene of the accident and to give his name and address, the registration number of his vehicle, and exhibit his operator's license, are applicable and normally it is the duty of such driver to comply therewith. Whether the conditions here present were such that remaining where he was and exhibiting his operator's

license was impractical presented a question of fact for the judge sitting without a jury, and whether the efforts of the plaintiff Anna Mazzella in insisting upon his exhibiting his operator's license and taking hold of his car constituted negligence on her part was also a question of fact to be determined by the judge. Having determined these issues adversely to the appellant, there being sufficient evidence to justify him in doing so, no error is exhibited justifying reversal, and the judgments are affirmed, with costs.