89 N.J. Super. 104 (1965)
213 A.2d 871
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM W. GILL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 20, 1965.
Decided October 14, 1965.
*106 Before Judges SULLIVAN, LEWIS and KOLOVSKY.
Mr. Thomas L. Yaccarino, Assistant Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, County Prosecutor of Monmouth County, attorney).
Mr. Burton L. Fundler, argued the cause for appellant (Messrs. Mirne & Nowels, attorneys).
The opinion of the court was delivered by LEWIS, J.A.D.
Defendant William W. Gill was found guilty in the Municipal Court of Avon-by-the-Sea of leaving the scene of an accident in violation of N.J.S.A. 39:4-129. His conviction was affirmed after a trial de novo in the Monmouth County Court. He now appeals to this court.
The record discloses that on June 25, 1964, at approximately 1:40 A.M., Gill (27 years of age) was on his way home from work in a 1959 Ford Galaxie. While proceeding in a westerly direction on Norwood Avenue in Avon, he struck an unoccupied automobile lawfully parked on the north side of the street with sufficient impact to drive it across the sidewalk. Defendant gave evidence that after the accident he emerged from his vehicle and noted on a piece of paper the license number of the automobile he had damaged. The night was dark and, after waiting "10 or 15 minutes" without seeing anyone in the vicinity, he continued to his home "around the corner" where he garaged his car.
A witness who had heard but did not actually see the accident made a prompt telephone report to the police. Within a few minutes, but after defendant had left the scene, an officer arrived and upon an investigation of the area he found some broken "Galaxie lights" that were later identified as belonging to defendant's automobile.
Although the Avon police station was located within a block from where the mishap occurred and remained open all night, defendant did not immediately contact a police officer because, as he testified, "I didn't feel so good." That same *107 morning, however, at approximately 7:45 A.M., after seeking advice from his father, defendant proceeded to the local police headquarters and reported the accident, whereupon he was given the summons that initiated the proceedings under review.
The critical facts as revealed by the record are in substance uncontroverted. Defendant contends they do not constitute a violation of the so-called "hit-run" statute and, therefore, his conviction of an offense thereunder should be set aside. The statute in relevant part reads:
"The driver of any vehicle knowingly involved in an accident resulting in injury or death to a person or damage to property shall immediately stop the vehicle at the scene of the accident, give his name and address and exhibit his operator's license and registration certificate of his vehicle to the person injured or struck and to any police officer or witness of the accident, and to the driver or occupants of the vehicle collided with and render to a person injured in the accident reasonable assistance, including the carrying of that person to a hospital or a physician for medical or surgical treatment, if it is apparent that the treatment is necessary or is requested by the injured person." (Emphasis supplied)
It is argued that the italicized mandate, in the absence of a witness to the accident, is inapplicable to defendant because a police officer did not appear at the time of the accident, and in particular in a situation such as here "it would be impractical [for defendant] to remain at the scene any longer than he did." Reliance is placed upon Mazzella v. Lee, 12 N.J. Misc. 158, 170 A. 245 (Sup. Ct. 1934). We note the court in that civil case specifically held that the issue of practicability of compliance with the statute presented a question of fact for resolution by the trial judge sitting without a jury.
It is urged additionally, upon the decisional authority of Butler v. Jersey Coast News Co., 109 N.J.L. 255, 258 (E. & A. 1932), that the provisions of the Motor Vehicle Act in controversy are penal in nature and if strictly construed, as the law requires, there could be no justifiable finding of a violation by defendant. The fact complex in Butler is in no wise analogous to the instant case. What Mr. Justice Wachenfeld *108 said in State v. Edwards, 28 N.J. 292 (1958), is noteworthy:
"Although, generally speaking, penal statutes are to be strictly construed, State v. Meinken, 10 N.J. 348 (1952), the rule of strict construction does not mean that the manifestations of the Legislature's intention should be disregarded. State v. Friedman, 135 N.J.L. 419 (Sup. Ct. 1947), affirmed p.c. 136 N.J.L. 634 (E. & A. 1948)." (at p. 298)
It is basic that when the judiciary construes a statute the inquiry is to determine the purpose and intent of the Legislature. DeFazio v. Haven Savings and Loan Ass'n, 22 N.J. 511, 518 (1956). We are concerned with the internal sense of the law. The intent of the lawgivers and the spirit of their legislation must prevail. See City of Newark v. Dept. of Civil Service, 68 N.J. Super. 416, 428 (App. Div. 1961), citing Wollen v. Borough of Fort Lee, 27 N.J. 408 (1958). In Bd. of Education, City of Asbury Park v. Hoek, 38 N.J. 213, 231 (1962), our Supreme Court emphasized that statutes should not be construed without regard for the manifest intent of the Legislature, and that the legislative goal serves as a guiding consideration. The court then held, "accordingly words in a statute must be interpreted in context to serve the spirit of the law." Furthermore, a statute often speaks as plainly by obvious inference as in any other manner. "That which is clearly implied [from the purpose which underlies a statute] is as much a part of the law as that which is expressed." Brandon v. Montclair, 124 N.J.L. 135, 143 (Sup. Ct. 1940). Accord, Dvorkin v. Dover Twp., 29 N.J. 303, 319 (1959).
N.J.S.A. 39:4-129 afore-quoted was an amendatory enactment adopted in 1940 (L. 1940, c. 147, s. 1) As an aid in reaching its meaning we look to the prior law, the correction sought by the Legislature, and the remedy provided. Note Grogan v. DeSapio, 11 N.J. 308, 323 (1953). The source of that legislation reverts to L. 1921, c. 208, s. 14 [4], which provided:
*109 "Every person operating a motor vehicle who shall knowingly cause injury to any other person or to property in the possession or use of such person shall at once stop and ascertain the extent of the injury and render such assistance as may be needed, and, upon request, give his name, address, and operator's license and registration number to the person injured or to any officer or witness of the injury." (Emphasis supplied)
An amendment in 1926 (L. 1926, c. 152, s. 14 [4]) eliminated the words "upon request" and thereby shifted to the operator of a vehicle involved in an accident a primary responsibility to voluntarily and immediately make known his identity to designated parties. The Traffic Act of 1928 (L. 1928, c. 281, art. 11, s. 3) enumerated such parties in this language: "to the persons struck or the driver or occupants of any vehicle collided with." By a subsequent amendment in 1932 (L. 1932, c. 89, s. 14 [4]), certain disjunctive articles "or" were replaced by conjunctive articles "and," so that the pertinent language then adopted reads: "to the person struck or injured and the driver and occupants of any vehicle collided with and to any police officer and to any witnesses of the accident."
When considered in light of the foregoing legislative history and canons of statutory construction it seems clear to us that the Legislature by its 1940 amendment (now N.J.S.A. 39:4-129, supra) intended to impose upon an operator of a motor vehicle, who knowingly becomes involved in an accident, specific and unequivocal duties, i.e., (1) to stop immediately and render the prescribed assistance, and (2) to exhibit appropriate identification not only to the driver or occupants, if any, of the vehicle collided with and to any person injured or struck, but also to "any police officer or witness of the accident." Implicit in the last mandate, in the absence of a witness, is the affirmative obligation to make known forthwith his identity to a police officer, whether or not one happens to be at the scene of the accident. That no witnesses were present does not relieve a driver of his affirmative duty of prompt self-identification, which is an obligation in addition to the statutory requirement to report an accident *110 to the police department and the Division of Motor Vehicles, as prescribed by N.J.S.A. 39:4-130.
The impossibility or impracticability of contacting such an officer under given circumstances, in order to comply with the statute, might be raised as a defense, but it would not necessarily render the requirement nugatory. Here that issue is of no major significance because the municipal police headquarters was located within a block of the accident and a police officer was in fact available.
True, defendant reported the mishap the same day and, in fact, about six hours after it had happened, but the lapse of such a period of time could afford an opportunity for the physical circumstances at the scene of an accident to be materially altered as well as the possibility for change in the physical and mental condition of a motor vehicle operator which might well impede, if not completely frustrate, a fair and adequate police investigation. Although defendant for his own information noted the license number of the automobile he had damaged, he did not leave any identification at that car, the home in front of which it was parked or any other place, or with any person.
Two trial tribunals resolved the fact issue against the defendant and the judgment of conviction is supported by the proofs. We do not weigh the evidence anew. State v. Johnson, 42 N.J. 146, 157 (1964).
Affirmed.