146 N.J. Super. 285 (1977)
369 A.2d 946
GOVERNMENT EMPLOYEES INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
JANET TOLHURST AND MELVIN TOLHURST, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1976.
Decided January 11, 1977.
*287 Before Judges BISCHOFF, MORGAN and E. GAULKIN.
Mr. Stewart L. Levine argued the cause for appellants (Messrs. Keith and Winters, attorneys).
Mr. H. Frank Carpentier argued the cause for respondent (Messrs. Carton, Nary, Witt & Arvanitis, attorneys; Mr. Harold K. Shulman, on the brief).
PER CURIAM.
Government Employees Insurance Company (GEICO) sought a declaratory judgment that an insurance policy issued to defendant Janet Tolhurst, owner of the automobile in question, did not provide no-fault personal injury protection (PIP) to her husband, defendant Melvyn Tolhurst. It was GEICO's contention that the stipulated facts concerning how Tolhurst's accident occurred did not permit the conclusion that it arose out of the "ownership, maintenance or use" of the insured automobile. The trial judge agreed, held that on the admitted facts the policy afforded Tolhurst no PIP benefits and, accordingly, entered summary judgment for plaintiff GEICO. It denied defendants' cross-motions for summary judgment. Defendants appeal. We reverse.
The undisputed facts concerning the happening of the injury-producing accident are as follows: GEICO insured a 1969 Volkswagen owned by Janet Tolhurst and used by her husband, Melvyn, to commute to his job in New York City. The gas tank had been repaired on or about April 8-10, 1974, after which Melvyn Tolhurst had used the car on two to four occasions prior to the accident of April 18, 1974. *288 On that date Tolhurst drove the car to New York City, parked it downtown, and returned to it for his ride home at approximately 5:30 P.M. Upon entering the car, and on his drive home, he noticed that the gas indicator was lower than he expected and, accordingly, he stopped for gas on the New Jersey side of the Holland Tunnel where he personally pumped 9-10 gallons of gasoline into the car. Continuing on his way home he noticed that the gas gauge was dropping more rapidly than usual. Arriving home, he backed the car into its accustomed space in his two-car garage, but made no inspection at that time for a gas leak. His wife, Janet, complained to him at dinner of the smell of gasoline, but this complaint was passed off by defendant as probably resulting from the gas residue on his hands from pumping the gasoline. After dinner, however, he entered the garage to install an infant's seat in the family's other car and then became aware of gasoline fumes. Switching on the incandescent light, he noticed wetness immediately under the Volkswagen. Upon closer inspection he noticed a puddle extending the entire length of the car and opened the garage doors to allow the liquid to run out. He then walked to another area of the garage to turn on the fluorescent light in order to determine what was causing the wetness. Upon turning on the fluorescent light an explosion occurred which, together with the ensuing fire, caused the serious personal injuries complained of and gave rise to the claim for medical expenses and other PIP benefits which are the subject matter of this litigation.
N.J.S.A. 39:6A-4, the basic provision of the New Jersey No-Fault Law Governing resolution of this controversy, provides:
Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide additional coverage, as defined herein below, under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or *289 fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile, to other persons sustaining bodily injury while occupying the automobile of the named insured or while using such automobile with the permission of the named insured and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile.
Under this provision, an automobile liability insurer is required to afford personal injury protection "without regard to negligence" to members of an insured's family and others sustaining bodily injuries "as a result of an accident involving an automobile."
In apparent implementation of this mandate, GEICO included in the policy issued to Janet Tolhurst the following PIP coverage:
Basic Personal Injury Protection Coverage
The Company will pay basic personal injury protection benefits consisting of
(a) medical expense benefits,
(b) income continuation benefits,
(c) essential service benefits,
(d) survivor benefits, and
(e) funeral expense benefits
with respect to bodily injury sustained by an eligible insured person, caused by accident and arising out of the ownership, maintenance or use, including loading or unloading, of a private passenger automobile as an automobile. [Emphasis supplied]
"Eligible injured [sic] person" is defined in the policy as follows:
(a) the named insured or any relative of the named insured, if the named insured or relative sustains bodily injury:
(1) while occupying, using, entering into or alighting from a private passenger automobile, or
(2) while a pedestrian, caused by a private passenger automobile or as a result of being struck by an object propelled by or from such an automobile; or
(b) any other person who sustains bodily injury
(1) while, with the permission of the named insured, occupying, using, entering into or alighting from the insured automobile, or

*290 (2) while a pedestrian, caused by the insured automobile or as a result of being struck by an object propelled by or from the insured automobile:
In determining the cross-motions for summary judgment filed by the parties, the judge applied the policy limitation on coverage imposed by the words "arising out of the ownership, maintenance or use * * * of a private passenger automobile * * *" and, concluding that the accident arose out of none of these activities, granted GEICO's motion for summary judgment.
The trial judge's error arose from focusing on the policy language instead of the scope of coverage required by N.J.S.A. 39:6A-4. That provision requires that coverage be afforded for bodily injury resulting from an accident "involving an automobile" not from an accident arising out of ownership, operation or use thereof. To the extent that the policy language limits the coverage required by the statute, it is ineffective to accomplish that result and the personal injury protection endorsement will be deemed amended to conform to the statutory mandate. Hoglin v. Nationwide Mutual Ins. Co., 144 N.J. Super. 475 (App. Div. 1976); see, Selected Risks Ins. Co. v. Zullo, 48 N.J. 362, 373 (1966); Kish v. Motor Club of America Ins. Co., 108 N.J. Super. 405, 409 (App. Div.), certif. den. 55 N.J. 595 (1970).
Hence, the issue which the trial judge should have considered was not whether Tolhurst's injuries resulted from the "ownership, maintenance or use" of the automobile, but whether they resulted from an accident "involving an automobile." Once the proper issue to be determined is identified, the solution is clear. Even GEICO does not seriously suggest that on the admitted facts Tolhurst's injuries did not result from an accident involving an automobile. There is no question but that PIP protection for Tolhurst's injuries are afforded by the coverage which the statute requires an automobile liability carrier to provide.
*291 Because of our opinion herein, it becomes unnecessary for us to review the correctness of the trial judge's determination that Tolhurst's activity immediately preceding the accident did not constitute maintenance or use of the automobile.
Accordingly, judgment of the Law Division is reversed. Judgment is entered in favor of defendants on their cross-motion for summary judgment and defendant Melvyn Tolhurst is declared to be an "eligible injured (sic) person" within the coverage of his wife's policy's Basic Personal Injury Protection Endorsement. The matter is remanded to the trial court for a plenary trial with respect to damages. We do not retain jurisdiction.