161 N.J. Super. 543 (1978)
391 A.2d 1285
THERESA JANE GERBER, PLAINTIFF,
v.
ALLSTATE INSURANCE CO., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 27, 1978.
*545 Mr. Thomas J. Vesper for plaintiff (Messrs. Valore, McAllister, Aron & Westmoreland, attorneys).
Mr. Mark Soifer for defendant (Messrs. Horn, Weinstein, Kaplan & Goldberg, attorneys).
GIBSON, J.C.C. (temporarily assigned).
This case involves a claim for personal injury protection (PIP) benefits under an automobile policy issued by defendant to plaintiff's decedent. Cross-motions for summary judgment have been filed. Raised by these motions is the issue of whether the accident which gives rise to this claim was one "involving an automobile" so as to impose coverage pursuant to § 4 of the New Jersey "No-Fault Law" (New Jersey Automobile Reparation Reform Act, N.J.S.A. 39:6A-1 et seq.).
The facts essential to the resolution of the question involved are not in dispute.[1] Both parties rely primarily on the deposition testimony of Paula E. Allen, the driver of the automobile claimed by plaintiff to be "involved" in the accident. On September 7, 1976 the named insured, Peter F. Gerber, was operating his motorcycle along Huron Avenue in Atlantic City, N.J. He was immediately behind the automobile driven by Mrs. Allen when they both approached the intersection of Tennessee Avenue, Approaching in the opposite direction on Huron Avenue was a line of garbage trucks. The lead truck slowed, apparently to make a left-hand turn onto Tennessee Avenue, then stopped to yield to the oncoming Allen vehicle. The second truck, however, suddenly made a left-turn in front of Mrs. Allen cutting off both lanes of travel on Huron Avenue. Mrs. Allen slammed *546 on her brakes, narrowly avoiding a collision with the truck. In response, at least in part, to the braking action of the Allen vehicle, and in an effort to avoid hitting her car, Gerber swerved his motorcycle to the right. The maneuver unfortunately resulted in the cycle skidding into the rear wheel of the turning truck. Gerber was run over by the truck and died as a result of his injuries.
Plaintiff is the widow of the insured. At the time of the accident there was an outstanding comprehensive automobile policy issued to decedent, including an endorsement for basic personal injury protection (PIP). Plaintiff filed a claim for benefits with the carrier, Allstate Insurance Co. The carrier denied the claim on the theory that the accident was not one involving an automobile, thereby eliminating the requirement for coverage. The precise question thus raised is whether the No-Fault Law requires the payment of PIP benefits where an insured is injured as a result of an accident while operating a motorcycle, and although affected by the actions of an automobile, never makes contact with it. This question appears to be one of first impression in New Jersey.
Section 4 of the New Jersey No-Fault Law clearly requires that the injuries which form the basis of a claim for PIP benefits, result from an accident "involving an automobile." N.J.S.A. 39:6A-4. The applicable provision of that statute reads as follows:
Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide additional coverage * * * for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile * * *.[2]
*547 Driving a motorcycle does not bring the driver within the language of the statute since a motorcycle does not fall within the definition of an "automobile" as contained in the act. N.J.S.A. 39:6A-2. Accordingly, where the insured under an automobile policy is driving a motorcycle, PIP coverage is not available when injuries are received in an accident where no automobile is involved. Such was the result in Bingham v. Home Indemnity Company, 146 N.J. Super. 166 (Law Div. 1976), where the insured was driving a motorcycle and collided with a commercial vehicle.
On the other hand, the requirement that an accident involve an automobile in order to justify PIP benefits has been given liberal treatment by our courts in order to effectuate the purposes of the No-Fault Law. Accordingly, the fact that the injured insured is driving a motorcycle at the time of the accident does not in itself justify the denial of coverage. In Hoglin v. Nationwide Ins. Co., 144 N.J. Super. 475 (App. Div. 1976), the Appellate Division interpreted N.J.S.A. 39:6A-4 so as to allow benefits to an insured who was injured when the motorcycle he was driving collided with an automobile. There it was noted that a
* * * literal reading of N.J.S.A. 39:6A-4 evidences a clear legislative intent to provide coverage * * as a result of any accident involving an automobile. There is no reasonable basis to read or construe the statute as limiting coverage to accidents involving automobiles solely. [at 480]
The same result was reached in Harlan v. Fidelity & Cas. Co., 139 N.J. Super. 226 (Law Div. 1976).
From both of the above cases it is apparent that in order for an insured under an automobile policy to receive PIP benefits, the accident need only be one involving an automobile, even though the insured himself is driving a non-qualifying vehicle. As pointed out by defendant, however, *548 both of the above cases involved actual contact with an automobile and no case has yet gone as far as plaintiff suggests here. To permit benefits when there has been no contact, defendant argues, would place an insurmountable burden on insurance carriers and open the floodgates of litigation to groundless claims.
What, then, of the suggestion that there must be physical contact in order that the automobile be "involved" in the accident? Although the suggestion has the appeal of an easily defined test, the statute contains no such limitation, N.J.S.A. 39:6A-4; nor have the courts confined benefits under that section to cases where there has been physical contact with an automobile. In Government Employees Ins. Co. v. Tolhurst, 146 N.J. Super. 285 (App. Div. 1977), for example, the spouse of an insured was awarded PIP benefits for injuries received from an explosion which resulted when gasoline leaking from the garaged family car ignited as she turned on a fluorescent light. See also, Newcomb Hospital v. Fountain, 141 N.J. Super. 291 (Law Div. 1976). By analogy, it is also significant to note that physical contact is not a requirement for recovery in tort liability cases. As far back as 1890 our court allowed recovery for injuries to a woman standing in a railroad station who threw herself to the platform to avoid being struck by a protruding timber on a passing train. Buchanan v. West Jersey R.R. Co., 52 N.J.L. 265 (Sup. Ct. 1890). This principle was solidified in the lead case of Falzone v. Busch, 45 N.J. 559 (1965), where it was held that a plaintiff could recover for bodily injury or sickness proximately resulting from defendant's negligence despite the absence of physical contact.[3] In that *549 case it was pointed out that the many legal scholars who have considered the rule which denied recovery in the absence of impact are virtually unanimous in condemning it as "unjust and contrary to experience and logic." Id. at 567.
Based on the above there does not appear to be any reasonable basis, either in logic or precedent, for requiring that there be physical contact with an automobile before benefits be paid under this statute. Having therefore disposed of that consideration and recognizing that the operation of a motorcycle itself does not automatically disqualify an insured, what then is necessary in order that an accident be one "involving an automobile"? N.J.S.A. 39:6A-4. The word "involved," in the context of automobile accidents, has been variously interpreted by different courts depending on the statutory framework presented and the facts of the particular case. See 22A Words and Phrases, "Involved in Accident," at 418 (1958).
In a New York case, Baker v. Fletcher, 191 Misc. 40, 79 N.Y.S.2d 580 (Sup. Ct. 1948), it was held that where a motorist opened the door of his automobile in such a manner as to affect the operation of a truck, he was held to be "involved" in the resulting accident within the meaning of that state's Motor Vehicle Safety Responsibility Act. This was true despite the fact that there was no physical impact and even though the motorist was not negligent. However, our own court of Errors and Appeals reached a different result in its interpretation of an accident within the context of the Traffic Act. Butler v. Jersey Coast News Co., 109 N.J.L. 255 (1932). There a truck was proceeding behind the plaintiff's automobile at a high rate of speed on a highway covered with ice and snow. In the process of passing plaintiff it skidded off the highway and struck a utility pole. Plaintiff recovered for injuries sustained when he stopped and went to the truck driver's aid. On appeal, one *550 of the objections raised was a charge dealing with the obligation to render assistance when "knowingly involved in an accident." The court noted that the Traffic Act was penal in nature and must be strictly construed. It held that plaintiff was not involved in the accident and pointed out that the mere fact of being passed did not distinguish the car from any other vehicle on the highway. Cf. State v. Fearick, 69 N.J. 32 (1976).[4]
From a reading of these cases it is clear that the answer to whether an automobile is involved in an accident depends on the peculiar facts of each case, as viewed within the statutory framework presented. In the instant case that framework is the New Jersey no-fault law, an act which is to be "liberally construed" to effectuate its purposes. N.J.S.A. 39:6A-16. From the facts stipulated here it is clear that the insured took the evasive action previously described to avoid a collision with an automobile. That action was, at least in part, in response to the sudden stop by the driver of that automobile. The result, of course, was the injury and death of the insured. Under these facts, it is clear that the actions of the automobile did affect[5] the accident. Stated differently, the actions of the automobile were a critical link in the chain of events that led to the accident and the losses that form the basis of this claim.
Admittedly, there is a potential for a wide spectrum of cases from which counsel might argue that an accident was one involving an automobile. This spectrum may conceivably be beyond the contemplation of either the insurance industry *551 or the legislature. Necessarily, each case requires careful examination. However, given the liberal construction to be afforded the No-Fault Law, given the precedent of Hoglin, supra, and given the clear facts of this case, it is the opinion of this court that the accident here was one involving an automobile. Plaintiff is therefore entitled to PIP benefits. Her motion for summary judgment is granted.[6] Defendant's motion is denied.
NOTES
[1] Although both parties have asserted that the material facts are not in dispute, at oral argument it was suggested by defense counsel that the inferences to be drawn from those facts might vary and thus require a trial. In view of the legal conclusions made here, however, the reasonable inferences that could be drawn could not reasonably vary so as to change the result. Cf. Fitzgerald v. Wright, 155 N.J. Super. 494 (App. Div. 1978).
[2] It should be noted that defendant does not contend that plaintiff would be ineligible for the claimed benefits as a result of any language in the statute or the policy other than the provision here being discussed.
[3] The court in Falzone was confronted with two of the policy reasons that have been advanced here in opposition to permitting recovery in the absence of impact, i.e., frivolous claims and the opening of the floodgates of litigation. The court there rejected both reasons. The court noted that the fact that some people will institute fraudulent claims should not deny recovery to those who are legitimately wronged. It was also pointed out that the fear of an expansion of litigation should not deter courts from granting relief in meritorious cases.
[4] In that case the Supreme Court, interpreting N.J.S.A. 39:3-40, held that defendant was "involved" in an accident despite the fact that he was entirely without fault.
[5] The meaning of the word "involve" includes a variety of definitions. In Webster's Third International Dictionary (unabr. ed. 1968) these definitions include such current usages as:

To draw in as a participant, to engage or employ;
To connect or link;
To have an effect on, to concern directly; to affect.
[6] Defendant disputes the amounts of the various items claimed and to that extent a factual issue remains requiring a hearing.