174 N.J. Super. 463 (1980)
416 A.2d 977
CHARLES VICARI, ADMINISTRATOR AD PROSEQUENDUM AND GENERAL ADMINISTRATOR OF THE ESTATE OF CHARLES VICARI, PLAINTIFF-APPELLANT,
v.
NATIONWIDE INSURANCE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 3, 1980.
Decided June 19, 1980.
*465 Michael John Stone argued the cause for appellant (Hoagland, Longo, Oropollo & Moran, attorneys).
Richard D. Millet argued the cause for respondent (Hampson & Millet, attorneys).
Before Judges MATTHEWS, ARD and POLOW.
PER CURIAM.
This is an appeal from a summary judgment in favor of defendant Nationwide Insurance denying Personal Injury Protection (PIP) benefits on behalf of plaintiff's decedent. Decedent Charles Vicari was a passenger in his mother's automobile insured by defendant under a policy containing PIP benefits. The car was stopped in a line of traffic behind a jack-knifed tractor trailer which had struck a pole, became entangled with a guy wire and blocked the road. After waiting a short while, decedent left the car which was approximately six vehicles away from the tractor trailer to render assistance. As he reached the rear of the trailer, its driver released the guy wire which then whipped out and struck Vicari on the side of the face causing his fatal injuries.
The statute in question provides:
Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide additional coverage, as defined hereinbelow, under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile, to other persons sustaining bodily injury while occupying the automobile of the named insured or while using such automobile with the permission of the named insured and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile.... [N.J.S.A. 39:6A-4; emphasis supplied]
Plaintiff sought recovery upon the theory that the injuries were suffered as a result of an accident involving an automobile and also based upon decedent's status as a pedestrian injured by the insured's automobile or struck by an object propelled therefrom. *466 The trial judge rejected both arguments but plaintiff does not challenge the denial of pedestrian status on appeal. The sole question before us, therefore, is whether the trial judge correctly concluded that the incident during which decedent sustained fatal injuries did not result from an accident "involving an automobile."
It is conceded that decedent was a covered individual as a member of the household of the named insured while an occupant of the insured vehicle. The named insured and members of his family residing in his household are afforded broader coverage than other classes of injured persons. Hoglin v. Nationwide Mut. Ins. Co., 144 N.J. Super. 475, 481 (App.Div. 1976). The statute provides coverage to such persons when they sustain injury resulting from any accident involving an automobile. This language was a modification of the original statutory provision limiting benefits to members of the designated class "who sustained bodily injury as a result of an automobile accident." N.J.S.A. 39:6A-4, L. 1972, c. 70, § 4; Hoglin, supra at 480. We have previously interpreted the amended language as providing broader coverage for such injury. Id. at 480.
Since the enactment of the present provision, several reported decisions have discussed and interpreted the phrase "as a result of an accident involving an automobile." Gerber v. Allstate Ins. Co., 161 N.J. Super. 543 (Law Div. 1978), dealt with injuries sustained by a decedent who swerved his motorcycle to avoid hitting an automobile which had stopped short. Decedent's evasive maneuver resulted in the motorcycle skidding into the rear wheel of a truck which had apparently caused the automobile to stop short and the motorcyclist was fatally injured. There was no contact between the automobile and any other vehicle. The court concluded that physical contact with the automobile was unnecessary to justify benefits under this statute. Id. at 549. "The word `involved,' in the context of automobile accidents, has been variously interpreted by different courts depending on the statutory framework presented and the facts of the particular case." Ibid. However, our courts have liberally construed the requirement for PIP benefits that the accident *467 must involve an automobile. N.J.S.A. 39:6A-16; Gerber, supra at 547. Thus the injuries in Gerber were, at least in part, found to have been caused by an action in response to the sudden stop of the automobile resulting in injury and death covered for PIP benefits by the family automobile policy. Id. at 550.
Prior to Gerber other opinions dealt with injuries sustained by covered individuals not physically within an automobile at the time an accident occurred. Government Emp. Ins. Co. v. Tolhurst, 146 N.J. Super. 285 (App.Div. 1977), dealt with an injured party who entered his garage to investigate the smell of gasoline. When he turned on the fluorescent light, an explosion resulted due to a gasoline leak from his car. We found that PIP coverage was afforded under the family policy based upon the statutory requirements of N.J.S.A. 39:6A-4, notwithstanding an attempt to limit the scope of the policy by use of the words "arising out of the ownership, maintenance or use ... of a private passenger automobile." Id. at 290. To the extent that such language may limit the coverage required by statute, it is ineffective to accomplish that result and the PIP endorsement will be deemed amended to conform to the statutory mandate. Ibid.
In Newcomb Hospital v. Fountain, 141 N.J. Super. 291 (Law Div. 1976), the injured party exited an automobile while in a gas station for refueling and a radiator check. While he watched the attendant add water to the radiator, it exploded causing severe injuries to claimant. The carrier denied coverage because the injured party was allegedly not "occupying the automobile of the name insured." The trial judge concluded that in the framework of automobile negligence law, a liberal interpretation of the word "occupant" should be given in favor of an injured victim. Id. at 294. It is therefore not always necessary to be physically confined within the vehicle to acquire occupant status. Ibid.
Here, decedent left the vehicle in order to assist in removal of the obstacle which blocked its path. It was in the course of so doing and within a very few moments that he was struck by the guy wire and the accident upon which this claim is *468 based occurred. The injuries were sustained in connection with decedent's effort to clear the path in order to enable the automobile of which he was an occupant to continue on its course. Hence, because the injury was sustained during an effort by decedent related solely to the forward progress of the vehicle rather than for any unrelated purpose, we find such injury did result from an accident "involving an automobile." To the extent that the policy provision limits coverage required by statute, the policy is deemed amended to provide such coverage. Government Emp. Ins. Co. v. Tolhurst, supra, 146 N.J. Super. at 290; Hoglin, supra, 144 N.J. Super. at 482.
Finally, we note that automobile liability insurance contracts written by insurers for the benefit of persons injured pursuant to legislative authority are to be liberally construed, Matits v. Nationwide Mut. Ins. Co., 33 N.J., 488, 495 A.2d 345 (1960), and that the statute requiring automobile insurance must be liberally construed to give broadest protection to accident victims consistent with the legislative purpose therefor. N.J.S.A. 39:6A-16; Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 293 (1974); Brokenbaugh v. N.J. Manufacturers Ins. Co., 158 N.J. Super. 424, 429 (App.Div. 1978).
Reversed and remanded for entry of judgment in favor of plaintiff for recovery of personal injury protection benefits.