220 N.J. Super. 156 (1987)
531 A.2d 767
DYANDRIA DAREL, PLAINTIFF-RESPONDENT,
v.
PENNSYLVANIA MANUFACTURER'S INSURANCE COMPANY, S & N LEASING CORP. AND DAVID WILKINSON, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 15, 1987.
Decided September 30, 1987.
*157 Before Judges MICHELS, SHEBELL and A.M. STEIN.
Robert F. Colquhoun, Jr., argued the cause for appellants (Colquhoun & Colquhoun, P.A., attorneys; Brian C. Gallagher, on the brief).
No brief was filed on behalf of respondent.
The opinion of the court was delivered by SHEBELL, J.A.D.
Defendant Pennsylvania Manufacturer's Insurance Company (PMI) appeals from an order of the Law Division holding it liable for payment of personal injury protection benefits (P.I.P.) and counsel fees to plaintiff Dyandria Darel. On November 9, 1983, plaintiff was riding a bicycle and was injured as a result of an accident involving an automobile insured by PMI. The trial judge found that there was no contact between plaintiff's bike and the insured automobile. We reverse.
Plaintiff instituted an action for personal injuries against the owner and operator of the vehicle, alleging that the vehicle was negligently driven and struck her bicycle. In the same action plaintiff claimed P.I.P. benefits against the vehicle's insurance carrier. The personal injury claim was originally severed from the P.I.P. claim; however, the court ruled that the jury would decide the personal injury claim and the court would decide the P.I.P. claim based upon the facts found by the jury. Following a jury determination that the operator of the vehicle was not negligent, the personal injury claim was dismissed.
After permitting the parties to brief the issue of whether plaintiff was entitled to P.I.P. benefits and counsel fees, the trial judge issued a written opinion holding that defendant PMI was liable to plaintiff for both the benefits and fees. The trial *158 judge adopted the jury finding that the driver was not negligent and further found that plaintiff was negligent in the control of her bicycle by going off the sidewalk into the path of oncoming traffic and the insured's car. The court also found "that the car swerved to the left and avoided contact with the plaintiff and her bike, but that plaintiff fell when she abruptly turned her bike to avoid the car and the injuries occurred as a result." These findings are supported by credible evidence in the record and may not be disturbed. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974).
The issue presented to this court is whether in accidents occurring subsequent to October 4, 1983, a pedestrian, who is not a named insured or a resident-relative of a named insured, may recover P.I.P. benefits related to injuries sustained in an accident in which there was no contact with the insured's automobile. We conclude that such recovery is not permitted.
Prior to the amendment effective October 4, 1983, N.J.S.A. 39:6A-4 provided as follows:
Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide additional coverage, as defined herein below, under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident involving an automobile, to other persons sustaining bodily injury while occupying the automobile of the named insured or while using such automobile with the permission of the named insured and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile. [(Emphasis supplied)].
The statute as it existed prior to the 1983 amendment was interpreted to provide coverage to a pedestrian in the named insured's family who, distracted by the headlights of an oncoming car, fell off a dirt bike even though there was no contact. Purdy v. Nationwide Mut. Ins. Co., 184 N.J. Super. 123 (1982). We noted in Purdy that if our holding was not in conformance *159 with the Legislature's intent, it was up to that body to correct it. 184 N.J. Super. at 128.
Following our decision in Purdy, the statute was amended to read:
Every automobile liability insurance policy insuring an automobile as defined in this act against loss resulting from liability imposed by law for bodily injury, death and property damage sustained by any person arising out of ownership, operation, maintenance or use of an automobile shall provide personal injury protection coverage, as defined hereinbelow, under provisions approved by the Commissioner of Insurance, for the payment of benefits without regard to negligence, liability or fault of any kind, to the named insured and members of his family residing in his household who sustained bodily injury as a result of an accident while occupying, entering into, alighting from or using an automobile, or as a pedestrian, being struck by an automobile, to other persons sustaining bodily injury while occupying, entering into, alighting from or using the automobile of the named insured, with the permission of the named insured, and to pedestrians, sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile. [L. 1983, c. 362, § 7 (emphasis supplied)].
Thereafter, plaintiff in Ingraham v. Travelers Companies, 217 N.J. Super. 126 (1987) sought P.I.P. benefits from her own insurance carrier where she swerved off the road and suffered injury while attempting to avoid striking an oncoming car. There was no contact between the car and plaintiff or her bike. We held that N.J.S.A. 39:6A-4 required that the claimant "be struck by an automobile or an object propelled by or from an automobile in order to recover." Id. at 127-28.
The trial court at the time of its determination in the present case did not have the benefit of our ruling in Ingraham, but even if it did, the trial judge may have had substantial question as to its applicability. The 1983 amendment appears ambiguous because it changed the language in the portion of the statute referring to the insured or members of an insured's family residing in the insured's household who sustain injury as a result of an accident "involving an automobile" to cover such persons when they are injured as a result of an accident "while occupying, entering into, alighting from or using an automobile, or as a pedestrian being struck by an automobile." The amendment, however, did not expressly change the latter portion of *160 the statute which covers all other pedestrians "sustaining bodily injury caused by the named insured's automobile or struck by an object propelled by or from such automobile."
It is arguable that the Legislature in amending only one portion of the statute pertaining to pedestrians meant to establish two classes of pedestrians: (1) pedestrians who are named insureds or are resident family members of the insured, and (2) pedestrians who are not named in the insurance policy or related to the named insured. If that were so, members of the first class could not recover unless actually "struck by an automobile" whereas all other pedestrians might recover if the injury was merely "caused by the named insured's automobile...." Plaintiff here would fall into the second group, and if the amendment resulted in these two distinct classifications, the Purdy rationale would permit recovery.
We are unable to attribute to the Legislature an intent to create two classes of pedestrians, particularly where the result would be to afford less protection to a pedestrian who was the insured or a member of the insured's family. We are not compelled to gather legislative intent from the literal reading of the particular terms of a statute; rather, we may view the whole contextual setting in order to arrive at a reasonable construction. See Giles v. Gassert, 23 N.J. 22, 33-34 (1956); Palkoski v. Garcia, 19 N.J. 175, 181 (1955). Our task is to give effect to the overall legislative plan and to refrain from interpreting the statutory provisions in a manner which will lead to an absurd result. Seip v. Mayor, etc., of Frenchtown, 79 N.J. Super. 521, 523-524 (1963).
Further, when we look to the provisions of the Unsatisfied Claim and Judgment Fund Law and its provision for payment of P.I.P. benefits to pedestrians where there is no available insurance coverage, we find that the 1983 amendment to that statute made effective on the same date as the amendment in question provides only for payment to pedestrians who suffer bodily injury "through being struck" by a motor vehicle. N.J. *161 S.A. 39:6-86.1. We believe the Legislature intended that pedestrians should only recover P.I.P. benefits, whether through the Unsatisfied Claim and Judgment Fund or through an insured's insurance policy, if the pedestrian was actually struck by the motor vehicle or an object propelled from it. A contrary holding would result in pedestrians who were not actually struck being able to recover P.I.P. benefits if the vehicle which caused the injury was insured, whereas they would be precluded from such recovery, through no fault of their own, if the vehicle was uninsured. No such disparity existed prior to the amendments.
We hold that plaintiff is not eligible to recover P.I.P. benefits under the New Jersey statutes as she was not struck by a motor vehicle.
The judgment of the Law Division is reversed.