145 N.J. Super. 35 (1976)
366 A.2d 1003
ALGER ZWEIFEL, PLAINTIFF-APPELLANT,
v.
JAMES T. MORGAN AND WILLIAM W. ZWEIFEL, AND WILLIAM R. JUSTICE, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 27, 1976.
Decided November 12, 1976.
*37 Before Judges CARTON, KOLE and LARNER.
Mr. William V. Eisenberg, attorney for appellant.
Messrs. Casby, Garrigle & Chierici, attorneys for respondent Zweifel.
PER CURIAM.
This appeal involves an interplay between the New Jersey interspousal immunity doctrine and principles of conflicts of law.
Plaintiff Alger Zweifel, a passenger in an automobile owned and operated by her husband, defendant William W. Zweifel, sustained injuries in a collision on Route 206 in Burlington County with an automobile driven by defendant Morgan and owned by defendant Justice. Mrs. Zweifel brought an action against her husband, Morgan and Justice to recover for her injuries.
Both Zweifels were residents of Pennsylvania, Morgan a resident of Florida. Although it is not clear from the record, it suggests that Justice was a resident of this State since the amended complaint was served on a member of his household in a trailer park in Pittsgrove.
As a Pennsylvania resident, defendant-husband William Zweifel claimed interspousal immunity based on a Pennsylvania statute, 48 P.S., § 111. Summary judgment was entered dismissing the action as to him. Plaintiff Alger Zweifel appeals.
At the outset we note that since the action continues against the other parties the order appealed from is interlocutory and this court would ordinarily not entertain the appeal without application for leave to appeal. R. 2:2-4; Yuhas v. Mudge, 129 N.J. Super. 207, 209 (App. Div. 1974). However, since no motion was made to dismiss the *38 appeal and because of the impact of the summary judgment on the litigation, we grant leave to appeal nunc pro tunc. R. 2:4-4(b) (2).
Despite New Jersey's abrogation of the interspousal immunity doctrine in automobile cases (Immer v. Risko, 56 N.J. 482 (1970)), Pennsylvania has a paramount interest vis-a-vis its married domiciliaries with respect to the applicability of laws concerning disabilities to sue and immunities from suit arising from the family relationship. Restatement, Conflict of Laws 2d, § 169 at 506-507 (1971); Koplik v. C.P. Trucking Corp., 27 N.J. 1, 11-12 (1958). Additionally, if defendant Zweifel garaged his car in Pennsylvania, it seems probable he obtained insurance which was doubtless written with the laws of Pennsylvania primarily in view. The application of the New Jersey law would expose his insurer to a greater risk than it might reasonably have expected, given the Pennsylvania local law. Johnson v. Johnson, 107 N.H. 30, 216 A.2d 781, 782-783 (Sup. Ct. 1966).
With the possible exception of defendant Justice, New Jersey has no real interest in the controversy: (1) the other parties involved in the accident were residents of foreign jurisdictions and had no relationship to New Jersey, and (2) there were no New Jersey residents affected by the accident who had interests to be protected by the laws of this State. Indeed, the happening of the accident in this State was merely "adventitious." See Mellk v. Sarahson, 49 N.J. 226 (1967); Maffatone v. Woodson, 99 N.J. Super. 559 (App. Div. 1968), certif. den. 51 N.J. 577 (1968).
We note that the summary judgment was granted against defendant Zweifel alone and that defendant Justice is not a party to the appeal. Moreover, it is not clear from the record whether Justice had notice of the motion for summary judgment. Thus it might not be necessary to consider the further question whether New Jersey may have an interest in protecting Justice's possible right of contribution against defendant Zweifel. However, since Justice remains a party *39 to the action it may well be argued that any such right of contribution he had was jeopardized by defendant's motion for summary judgment inasmuch as plaintiff's complaint was dismissed as to defendant Zweifel. See Purcell v. Kapelski, 444 F.2d 380, 383 (3 Cir.1971), cert. den. 404 U.S. 940, 92 S.Ct. 283, 30 L.Ed.2d 254 (1971).
Under New Jersey law any right which Justice might have against defendant Zweifel is a derivative one arising through the wife. See Kennedy v. Camp, 14 N.J. 390 (1954); Surnack v. Surnack, 116 N.J. Super. 294, 296 (Law Div. 1971); Faul v. Dennis, 118 N.J. Super. 338, 344 (Law Div. 1972). If her claim against her husband were decided under New Jersey law, it would not be barred and Justice would have a claim against her husband for contribution. Immer v. Risko, 56 N.J. 482 (1970); cf. France v. A.P.A. Transport Corp., 56 N.J. 500-502 (1970).
But since Pennsylvania has the most significant contacts with this case, the New Jersey court is required to apply the Pennsylvania law not only on interspousal immunity but also on the right of contribution where interspousal immunity is involved. Zurzola v. General Motors Corp., 503 F.2d 403, 408-409 (3 Cir.1974). See Restatement, Conflict of Laws 2d, § 169, comment (c) at 507 (1971), which indicates that where contribution is involved the domicile doctrine of interspousal immunity does not become significant unless the third party seeking contribution is domiciled in that state. Our research indicates that Pennsylvania law permits a nonrelated defendant to recover against a defendant spouse despite the barring of a direct suit by plaintiff spouse against the joint tortfeasor spouse because of interspousal immunity. See Restifo v. McDonald, 426 Pa. 5, 7, 230 A.2d 199, 200 (Sup. Ct. 1967); Fisher v. Diehl, 156 Pa. Super. 476, 483-486, 40 A.2d 912, 916-918 (Super. Ct. 1945); Puller v. Puller, 380 Pa. 219, 110 A.2d 175 (Sup. Ct. 1955). See also Zurzola v. General Motors Corp., supra, 503 F.2d at 410-411 (dissenting opinion). *40 Thus Justice's right to contribution would be protected under Pennsylvania law as well as under the laws of this State.
Hence, it was premature for the trial judge to grant the summary judgment as to defendant Zweifel. See R. 4:37-2. The trial should continue with Zweifel, Morgan and Justice as defendants. If the jury finds Zweifel to be a joint tortfeasor with Justice, Justice would be entitled to a right of contribution against him by reason of any judgment for damages in favor of plaintiff.
Reversed and remanded for trial.