187 N.J. Super. 499 (1983)
455 A.2d 527
NATIONWIDE MUTUAL INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
SHERRY K. PERLMAN,[1] DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 7, 1982.
Decided January 7, 1983.
*500 Before Judges FRITZ, JOELSON and PETRELLA.
Robert D. Arenstein argued the cause for appellant.
Alicia Bottari argued the cause for respondent (Hampson & Millet, attorneys).
The opinion of the court was delivered by JOELSON, J.A.D.
The facts in this case on appeal are not in dispute. Defendant Sherry K. Perlman, who was a passenger in an automobile operated in New Jersey by her husband, Melvin B. Perlman, sustained injuries when the vehicle collided with a telephone *501 pole because Mr. Perlman fell asleep at the wheel. Mr. and Mrs. Perlman were residents of New Jersey. The vehicle which was involved in the accident was owned by Mrs. Perlman's father, Eddie Leon, but was used by Mr. and Mrs. Perlman with the consent of the owner. At the time of the accident the vehicle was insured by plaintiff insurance company under a nondealer's garage policy issued in New York to "Leon's Diagnostic Center, Inc., and/or Eddie Leon."
Following the accident Mrs. Perlman instituted action in New Jersey against Eddie Leon and Melvin B. Perlman for injuries sustained by her in the accident. Thereupon plaintiff insurance company filed a complaint for declaratory judgment seeking two declarations from the court: (1) that plaintiff is not obligated to provide coverage or a defense to defendant Melvin B. Perlman; (2) that New York law shall apply to all issues regarding interpretation of the automobile liability policy issued to Eddie Leon, t/a Leon's Diagnostic Center, Inc. Plaintiff then moved for summary judgment. In the order granting the motion, the trial judge further directed that "the law of the State of New York shall apply and govern regarding all issues of interpretation of the automobile policy in the pending litigation of Sherry K. Perlman v. Eddie Leon and Melvin B. Perlman, ...." This is Sherry K. Perlman's appeal from that order.[2] We reverse.
The underlying problem in this case is that New York by statute, N.Y. Insurance Law § 167, subd. 3 (Consol. 1980), provides:
No policy or contract shall be deemed to insure against any liability of an insured because of death of or injuries to his or her spouse or because of injury to, or destruction of property of his or her spouse unless express provisions relating specifically thereto is included in the policy. This exclusion shall apply only where the injured spouse, to be entitled to recover, must prove the culpable conduct of the insured spouse.
*502 On the other hand, New Jersey has abandoned the doctrine of interspousal immunity in motor vehicle accident cases. Immer v. Risko, 56 N.J. 482 (1970).
In Buzzone v. Hartford Acc. and Indem. Co., 23 N.J. 447 (1952), the court stated flatly that the rights and liabilities under an automobile liability policy "are to be determined by the law of the state where the contract was made." Id. at 452. However, the dogma of that statement has since been reconsidered and refined. Thus, in State Farm, etc., Ins. Co. v. Simmons' Estate, 84 N.J. 28, 36 (1980), the court pointed out that "[c]ases in this jurisdiction subsequent to Buzzone have not mechanically or inflexibly applied the lex loci contractus rule." On the contrary, said the court, "our courts have generally acknowledged, in the selection of state law, the relevance of respective state interests in the particular resolution of the controversy measured by several factors including the connection of the parties to the respective states, the nature of the pertinent events that have transpired within each state, and the character of each state's policy preferences relevant to the particular litigation." Ibid. The court then summed up with a recognition of the rule that the law of the place of contract ordinarily governs the choice of law, but added that this rule of law should not be applied "without a full comparison of the significant relationship of each state with the parties and the transaction." Id. at 37. It then called for an assessment which "should encompass an evaluation of important state contacts as well as a consideration of the state policies affected by, and governmental interest in, the outcome of the controversy." Ibid.
We are not without guidance or precedent as to cases involving interspousal immunity. Although these cases do not deal specifically with insurance coverage or interpretation, they contain language which we find useful in the resolution of these problems under the directions provided in State Farm, etc., Ins. Co. v. Simmons' Estate, supra.
*503 The Restatement, Conflict of Laws 2d, § 169 at 506 (1969), which is headed "Intra Family Immunity" states, in § (2): "The applicable law will usually be the local law of the state of the parties' domicil." Cited among the many authorities in support of this proposition in the Restatement is Koplik v. C.P. Trucking Corp., 27 N.J. 1 (1958). In that case, at a time before New Jersey had abolished interspousal immunity in motor vehicle accident cases, plaintiff, who was a New Jersey resident, sued her husband for injuries sustained in New York.[3] At the time, the New York statute permitted such a suit. In holding that New York law controlled, the court stated:
As a final word on the subject, we hold the view that even where an actual conflict of laws problem is directly presented, it is sensible and logical to have disabilities to sue and immunities from suit arising from the family relationship determined by reference to the law of the state of the family domicile when the suit is brought in that state. Otherwise, the lex loci will be permitted to interfere seriously with a status and a policy which the state of residence is primarily interested in maintaining. [at 11-12.]
The same thought was expressed in Zweifel v. Morgan, 145 N.J. Super. 35 (App.Div. 1976), in which the court, at a time after New Jersey's abrogation of interspousal immunity, dealt with a Pennsylvania resident who was a passenger in a car driven in New Jersey by her husband. At the time, Pennsylvania law enforced interspousal immunity. In holding that Pennsylvania law applied, the court, citing Koplik, supra, said:
Despite New Jersey's abrogation of the interspousal immunity doctrine in automobile cases (Immer v. Risko, 56 N.J. 482 (1970)), Pennsylvania has a paramount interest vis-a-vis its married domicilaries with respect to the applicability of laws concerning disabilities to sue and immunities from suit arising from the family relationship. [at 38.]
It must be pointed out that the Zweifel court also added by way of dictum that if defendant obtained insurance which was written with the laws of Pennsylvania primarily in view, the application of the New Jersey law would expose his insurer to a *504 greater risk than it might reasonably have expected. However, since an automobile is by self-definition mobile, an insurer might reasonably expect that it will be taken to another state, especially a neighboring one. And since the law of interspousal immunity is in a condition of flux throughout the nation (see Annotation, "Modern Status of Interspousal Tort Immunity in Personal Injury and Wrongful Death Actions," 92 A.L.R.3d 301 (1979)), the insurer might also reasonably expect that the insured or a person to whom he entrusts his vehicle will operate in a state that does not provide interspousal immunity. Therefore, absent a specific provision to the contrary in the policy, it would be within the reasonable expectation of the parties that coverage would extend to interspousal actions where permitted by local law. There was no such specific exclusion of coverage for interspousal claims here.
We return now to the guidelines set forth in State Farm, etc., Ins. Co. v. Simmons Estate, supra, in order to consider the facts of the case under review in the light of these guidelines. In so doing we are persuaded that the scales tip in favor of the application of New Jersey law. The excerpts quoted above from Koplik and Zweifel emphasize the strong considerations of public policy and the state interest involved concerning the interspousal immunity problem. Furthermore, Immer v. Risko, supra, which finally eliminated spousal immunity in New Jersey, is replete with public policy considerations. The court stated:
Domestic harmony may be more threatened by denying a cause of action than by permitting one where there is insurance coverage. The cost of making the injured spouse whole would necessarily come out of the family coffers, yet a tortfeasor spouse surely anticipates that he will be covered in the event that his negligence causes his spouse injuries. This unexpected drain on the family's financial resources could likely lead to an interference with the normal family life. [56 N.J. at 489.]
The court also said:
Moreover, there is something wanting in a system of justice which permits strangers, friends, relatives, and emancipated children to recover for injuries suffered as a result of their driver's negligence but denies this right to the driver's spouse and minor children who are also passengers in the same vehicle. [at 495.]
*505 Finally, we note that the order under appeal directed that "the law of the State of New York shall apply and govern regarding all issues of interpretation of the automobile liability policy in the pending litigation of Sherry K. Perlman v. Eddie Leon and Melvin B. Perlman, ...." Our reading of the complaint indicates that there will be no need for the court to interpret the automobile policy in that litigation, which is strictly a negligence action where the laws of New Jersey will, of course, apply.
Reversed.
FRITZ, P.J.A.D. (concurring).
I am particularly concerned with this matter because I think we have made a different contract for the parties than that which they had made for themselves, contrary to established law in New Jersey. Atlantic Northern Airlines, Inc. v. Schwimmer, 12 N.J. 293, 301-302 (1953); Schnakenberg v. Gibraltar S. & L. Ass'n, 37 N.J. Super. 150, 155 (App.Div. 1955). We have done this in an action which seeks only to construe a contract made in a foreign jurisdiction and have predicated our determination upon a theory that public policy "contacts" are sufficient to justify adding an obligation to one of the contracting parties that was expressly excluded as between the contracting parties.[1] This is much more than refusing to enforce a contract because it contravenes public policy in New Jersey.
However, I am constrained to concur in the result because I am not privileged to depart from pronouncements of our Supreme Court, In re Education Ass'n of Passaic, Inc., 117 N.J. Super. 255, 261 (App.Div. 1971), certif. den. 60 N.J. 198 (1972), and State Farm v. Simmons' Estate, 84 N.J. 28 (1980), compels the I believe that State Farm v. Simmons' Estate, 84 N.J. 28 (1980), compels the result.
NOTES
[1] Melvin B. Perlman was a defendant in the complaint, but has not joined in this appeal.
[2] Melvin B. Perlman did not obtain counsel and appeal from the order. However, as the standing of his wife to pursue this appeal has not been questioned, we need not deal with the issue of standing.
[3] The court found the litigants to be husband and wife because, although not married at the time of the accident and the institution of legal action, they were married at the time of the motion for summary judgment which was the subject of the appeal.
[1] In view of N.Y. Insurance Law § 167, subd. 3 (Consol. 1980), I am not as fully persuaded as is the majority respecting the "reasonable expectations" of the parties.