189 N.J. Super. 417 (1983)
460 A.2d 199
RICHARD MUTO, PLAINTIFF-APPELLANT,
v.
KEMPER REINSURANCE CO. AND/OR PRUDENTIAL PROPERTY AND CASUALTY INSURANCE CO. AND/OR LUMBERMEN'S MUTUAL CASUALTY CO., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1983.
Decided May 9, 1983.
*418 Before Judges BISCHOFF and J.H. COLEMAN.
Donna M. Lombardi argued the cause for appellant (Borrus, Goldin & Foley, P.C., attorneys).
William M. Lake argued the cause for respondent Prudential Property and Casualty Insurance Co.
No one argued the cause for respondents Kemper Reinsurance Co. and Lumbermen's Mutual Casualty Co. (Parker, McCay & Criscuolo, attorneys for said respondents (Marc M. Baldwin on the letter brief).
The opinion of the Court was delivered by BISCHOFF, P.J.A.D.
*419 Plaintiff Richard Muto appeals from a summary judgment in favor of defendant Prudential Property and Casualty Insurance Co. denying him benefits under the Personal Injury Protection (PIP) provisions of his automobile insurance policy. The facts presented to the trial judge in the motion papers disclose the following facts. Prior to February 1978 plaintiff lived in Harrisburg, Pennsylvania. At that time he commenced employment with the Sameric Corporation as a manager-operator of a theater. After completion of a training period he was transferred to a theater in Trenton, New Jersey, at the end of May or early June 1978 for an indefinite period of time. Since plaintiff did not have a place to live, he moved into an apartment in Trenton rented by his friend, David Mesky. Plaintiff split the rent with David Mesky. He did not use the apartment as his address for receiving personal mail, using instead the theater address.
On July 25, 1978 plaintiff and his girlfriend, Deborah Ortatay, borrowed Mesky's motorcycle to go to the shore. On the way back they were involved in an accident with an automobile driven by Callaghan. Plaintiff injured his leg in the accident and was hospitalized in New Jersey on three separate occasions. He was out of work for a year.
Following the accident plaintiff continued to live with Mesky in Trenton until the lease expired in December 1978. He then moved back to Pennsylvania where he has lived and worked ever since.
Plaintiff always had a Pennsylvania driver's license which permitted him to drive a motorcycle. He never had a New Jersey driver's license. He paid Pennsylvania state income tax and did not pay New Jersey state income tax. He was registered to vote in Pennsylvania but was never registered to vote in New Jersey.
At the time of the accident he owned a van which was registered in Pennsylvania. He stated that all vehicles owned by him were always registered in Pennsylvania and "being a *420 Pennsylvania resident I would have no reason to have any out-of-state [registration]".
While living in Harrisburg he purchased a policy of automobile insurance from Prudential issued to him at his Harrisburg address. He could not remember if he notified Prudential of his move to New Jersey, and Prudential, by affidavit, asserted it had not been notified of the change in address. A premium statement dated May 1978 indicated a Harrisburg address.
It is conceded that the Prudential policy contained an exclusion consistent with Pennsylvania law which barred payment of PIP benefits for injuries sustained while operating a motorcycle.
On July 25, 1980 plaintiff filed a complaint seeking to obtain payment of his medical expenses incurred as a result of injuries sustained in the accident under his PIP coverage. In count I he sought recovery from Prudential and in count II he sought recovery from Lumbermen's, the insurer of the car operated by Callaghan.
Both defendants moved for summary judgment. As to the suit on the Prudential policy the trial judge, relying on Stewart v. Nationwide Ins. Co., 171 N.J. Super. 457 (App.Div. 1979), certif. den. 82 N.J. 302 (1980), and State Farm, etc., Ins. Co. v. Simmons' Estate, 84 N.J. 28 (1980), ruled that Pennsylvania law was applicable; that the exclusion for PIP benefits for injuries sustained by an operator or passenger on a motorcycle was valid, enforceable and what the parties bargained for, and he granted summary judgment dismissing the complaint against Prudential.
He also dismissed the complaint against Lumbermen's, holding that under N.J.S.A. 39:6A-4 plaintiff was not entitled to PIP benefits under the Lumbermen's policy since plaintiff was neither a named insured nor a member of "the Lumbermen's named insured's family."
Plaintiff appeals from the summary judgment entered on behalf of both defendants. However, in his brief on appeal he presents no arguments pertaining to the judgment entered in *421 favor of Lumbermen's and we deem it abandoned. See Design  4 v. Masen Mountainside Inn, Inc., 148 N.J. Super. 290, 292 (App.Div. 1977), certif. den. 75 N.J. 6 (1977).
The chief issue raised on this appeal is the contention that the trial judge erred in ruling that Pennsylvania law was applicable; that it erred in its approach to the resolution of that issue, and that disputed issues of material facts concerning whether plaintiff was a Pennsylvania or New Jersey resident at the time of the accident existed, precluding the entry of a summary judgment.
We observe that plaintiff filed a cross-motion for summary judgment, apparently contending the issue of residence should be decided as a matter of law. He should not now be heard to claim that the entry of summary judgment was inappropriate. Purdy v. Nationwide Mut. Ins. Co., 184 N.J. Super. 123, 129 (App.Div. 1982).
The Supreme Court has recently stated that the resolution of conflict-of-law questions in the context of liability insurance contracts:
... calls for recognition of the rule that the law of the place of the contract ordinarily governs the choice of law because this rule will generally comport with the reasonable expectations of the parties concerning the principal situs of the insured risk during the term of the policy and will furnish needed certainty and consistency in the selection of the applicable law. [Citations omitted]. At the same time, this choice-of-law rule should not be given controlling or dispositive effect. It should not be applied without a full comparison of the significant relationship of each state with the parties and the transaction. That assessment should encompass an evaluation of important state contracts as well as a consideration of the state policies affected by, and governmental interest in, the outcome of the controversy.
... We thus hold that, in an action involving the interpretation of an automobile liability insurance contract, the law of the place of the contract will govern the determination of the rights and liabilities of the parties under the insurance policy. This rule is to be applied unless the dominant and significant relationship of another state to the parties and the underlying issue dictates that this basic rule should yield. [State Farm, etc., Ins. Co. v. Simmons' Estate, 84 N.J. at 37]
Applying these principles to the facts before us we conclude the trial judge correctly applied Pennsylvania law to a *422 resolution of the issues presented. The contract was issued to plaintiff in Pennsylvania and that state's laws should control unless New Jersey has a dominant and significant relationship to the parties.
Application of Pennsylvania law does, in fact, "comport with the reasonable expectations of the parties concerning the principal situs of the insured risk during the term of the policy," Ibid.  particularly since there is no proof that plaintiff ever informed Prudential of his move to New Jersey.
We are of the view that the facts above recited disclose significant contacts with Pennsylvania to render that law applicable regardless of whether plaintiff may technically have been considered a New Jersey resident at the time of the accident. The policy was written by Prudential under the assumption that plaintiff resided in Pennsylvania and there was no reason for it to change that assumption.
We now turn to a consideration of the policy considerations of each state. The no-fault laws of both New Jersey and Pennsylvania require insurance and the payment of PIP-type benefits to those injured in motor vehicles accidents. N.J.S.A. 39:6A-3; N.J.S.A. 39:6A-4; 40 P.S. § 1009.104. Pennsylvania, however, specifically provides that the benefits required to be paid by statute do not apply to those persons injured while operating a motorcycle. 40 P.S. § 1009.103. New Jersey requires payment of PIP benefits to persons injured in an accident involving an automobile. N.J.S.A. 39:6A-4. A motorcycle does not fall within the definition of an automobile under the New Jersey act. N.J.S.A. 39:6A-2. However, the operator of a motorcycle is entitled to benefits in New Jersey as long as he receives his injuries in an accident involving an automobile. Hoglin v. Nationwide Mut. Ins. Co., 144 N.J. Super. 475, 481-482 (App.Div. 1976). See, also, Amiano v. Ohio Cas. Ins. Co., 85 N.J. 85, 88-89 (1981); Purdy v. Nationwide Mut. Ins. Co., supra, 184 N.J. Super. at 127. But, if the motorcyclist was injured in a manner which did not in any way involve an automobile, such as *423 a collision between a motorcycle and a commercial vehicle, New Jersey law does not mandate coverage. Gerber v. Allstate Ins. Co., 161 N.J. Super. 543, 547-549 (Law Div. 1978); Bingham v. Home Indem. Co., 146 N.J. Super. 166, 168-169 (Law Div. 1976). Hence, while New Jersey decisional law is more liberal regarding the extent of coverage than Pennsylvania law and, under the facts of this case, if applied, would provide coverage whereas Pennsylvania law does not, there exists no public policy in this State that a motorcycle be treated in the same fashion as an automobile for purposes of obtaining PIP benefits. Pennsylvania and New Jersey have approached the problem of motorcycle accidents from different angles, with the result that in New Jersey a motorcyclist will in certain situations be able to obtain PIP benefits. Since the New Jersey no-fault law does not express a policy that all motorcycle accident victims be compensated, the difference in the law of the two states is not sufficiently fundamental to call for the complete application of this State's law in order to vindicate its public policy. Nationwide Mut. Ins. Co. v. Perlman, 187 N.J. Super. 499 (App.Div. 1983), does not express a contrary view. In that case the defendant was operating a motor vehicle in which his wife was riding as a passenger. The car struck a pole in New Jersey when the driver fell asleep, and the wife was injured. Both husband and wife were New Jersey residents. They were in a motor vehicle owned by the wife's father. At the time of the accident the vehicle was insured under a nondealer's coverage policy issued in New York. The wife instituted an action in New Jersey against the husband seeking to recover damages. The plaintiff insurance company instituted an action for a judgment declaring that it was not required to defend or provide coverage for the husband since New York law embraced the principle of interspousal immunity. The court held the law of New Jersey, which had abandoned the doctrine of interspousal immunity, would govern the interpretation of the policy. One specific reason given for this conclusion was stated as follows:
Therefore, absent a specific provision to the contrary in the policy, it would be within the reasonable expectation of the parties that coverage would extend to *424 interspousal actions where permitted by local law. There was no such specific exclusion of coverage for interspousal claims here. [Id. at 504]
Moreover, the reason for the elimination of interspousal immunity is replete with strong public policy considerations. Nationwide Mut. Ins. Co. v. Perlman, supra, 187 N.J. Super. at 504. Similar considerations are not applicable to motorcycles.
In the case before us there is a specific clause excluding coverage for PIP benefits for injuries sustained while operating a motorcycle. Accordingly, our assessment of the significant relationship of each state to the parties and the transaction suggests no reason to depart from the general choice-of-law rule that the law of the place of contract governs the rights of the parties under the Prudential insurance policy. We hold, therefore, that the trial judge was correct in ruling that Pennsylvania law applied and in granting summary judgment in favor of Prudential, since under that law plaintiff was not entitled to PIP benefits.
Affirmed.