**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2584-15T2

ALI FETI,

       Petitioner-Appellant,

v.

BOARD OF EDUCATION OF THE
BOROUGH OF NETCONG, MORRIS
COUNTY, BERNADETTE DALESANDRO
and KEVIN CARROLL,

       Respondents-Respondents.

_____

       Argued June 6, 2017 — Decided August 8, 2017

       Before Judges Suter and Grall.

       On appeal from the New Jersey Commissioner
       on Education, Docket No. 231-9/13.

       Noel C. Crowley argued the cause for
       appellant (Crowley & Crowley, attorneys; Mr.
       Crowley, of counsel and on the briefs).

       Derlys Maria Gutierrez argued the cause for
       respondents Netcong Board of Education,
       Bernadette Dalesandro and Kevin J. Carrol
       (Adams, Gutierrez & Lattiboudere, LLC,
       attorneys; Ms. Gutierrez, of counsel and on
       the brief; Ruby Kumar-Thompson, on the
       brief).

Christopher S. Porrino, Attorney General, attorney for respondent Commissioner of Education (Lori Prapas, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Petitioner Ali Feti, formerly a custodian for the Netcong Board of Education (Board), appeals from a final decision of the Commissioner of Education. The Commissioner accepted the findings of fact and credibility determinations made by the Administrative Law Judge (ALJ). See N.J.S.A. 52:14B-10(c). "[F]or reasons thoroughly set forth" in the ALJ's Initial Decision, the Commissioner adopted it as his final decision, determined Feti did not acquire tenure pursuant to N.J.S.A. 18A:17-3 and directed the Board to award Feti an additional $1000 "owed to him based on the miscalculation of the payment received for his accrued vacation time."[1]

---

[1] The ALJ and the Commissioner rejected other claims, which Feti does not raise on appeal. Feti's due process claim was denied, because he did not invoke the process available upon receiving notice of the Board's decision not to renew his contract. See N.J.S.A. 18A:27-4.1(b); Leang v. Jersey City Bd. of Educ., 198 N.J. 557, 578 (2009). The ALJ dismissed Feti's claims for relief due to violations of the civil service laws, N.J.S.A. 11A:2-13 and -24, and violations of the collective bargaining agreement, as outside the Commissioner's jurisdiction, N.J.S.A. 18A:16-9.

Because Feti does not challenge those determinations on appeal, he effectively abandoned them. Muto v. Kemper Reinsurance Co., 189 N.J. Super. 417, 420-21 (App. Div. 1983).

Feti urges us to reverse the Commissioner's decision on tenure and contends the ALJ's calculation of monetary relief lacks support in the record. The Board and the Commissioner, in his statement in lieu of brief, urge us to affirm.[2]

For reasons that follow, we affirm the Commissioner's decision on tenure. We reject Feti's claim that the ALJ's decision on pay for work done and vacation accrued after June 30, 2013 lacks support in the record, because it is amply supported by a payroll record and a separate handwritten check for vacation time as the Board's President, Bernadette Dalesandro, explained during her testimony. Feti's arguments to the contrary have insufficient merit to warrant discussion in a written opinion. Accordingly, we affirm that determination in conformity with Rule 2:11-3(e)(1)(D)-(E).

A limited remand to address monetary relief is necessary, however, because there is a discrepancy between the amount the Commissioner awarded and the ALJ recommended, which the Commissioner did not explain.

Turning to the Commissioner's decision on tenure, appellate review is limited. Courts are not obligated to follow an agency's interpretation of a statute. U.S. Bank, N.A. v. Hough,

---

[2] On June 1, 2017, we granted Feti leave to file a letter in opposition to the Commissioner's statement in lieu of brief.

210 N.J. 187, 200 (2012).  But courts accord a strong presumption of reasonableness to an agency's exercise of statutorily delegated responsibility, City of Newark v. Nat. Res. Council, Dep't of Envtl. Prot., 82 N.J. 530, 539, cert. denied, 449 U.S. 983, 101 S. Ct. 400, 66 L. Ed. 2d 245 (1980), and defer to the agency's findings of fact, Lavezzi v. State, 219 N.J. 163, 172 (2014).  Courts disturb an agency's determination only if it is arbitrary, capricious, unreasonable, unsupported by the evidence or contrary to legislative policy. In re Musick, 143 N.J. 206, 216 (1996).

The tenure dispute in this case concerns the Commissioner's application of N.J.S.A. 18A:17-3, which addresses tenure for custodians employed by school districts.  In pertinent part, N.J.S.A. 18A:17-3 provides:

> Every public school janitor of a school
> district shall, unless he is appointed for a
> fixed term, hold his office, position or
> employment under tenure . . . .
>
> [(Emphasis added).]

In Wright v. Board of Education of the City of East Orange, 99 N.J. 112, 119 (1985), the Supreme Court interpreted this statute to mean that a "janitor employed without a fixed term contract will gain tenure immediately upon beginning appointment."

Neither Wright nor N.J.S.A. 18A:17-3 expressly requires an individual contract signed by the employer or the school custodian. Indeed, N.J.S.A. 18A:17-3 does not refer to a contract; it refers to an appointment "for a fixed term," and in Wright, the Supreme Court enforced a collective bargaining agreement providing tenure for custodians after three years even though the custodian had a fixed-term contract. 99 N.J. at 115-23. When Wright was decided, as now, the Court interprets statutes to effectuate the Legislature's intent and views the "the statutory language" as "the best indicator of that intent." DiProspero v. Penn, 183 N.J. 477, 492 (2005); accord In re Closing of Jamesburg High School, 83 N.J. 540, 548 (1980) (declining to "engage in conjecture or surmise which will circumvent the plain meaning of the act").

The documentary and testimonial evidence admitted by the ALJ adequately establishes Feti was appointed for a "fixed term" that in this case can be summarized as follows. The Board first appointed Feti in April 2001 under a contract commencing on April 6 of that year and ending on June 30, 2001. Thereafter, the Board employed Feti under a successive series of contracts commencing on July 1 and ending on June 30 of the next year. The last of Feti's contracts produced at the hearing in the Office of Administrative Law expired on June 30, 2012.

On May 11, 2012, the district's superintendent wrote to Feti and advised him the Board had taken action "not to renew all members of the custodial staff, effective July 1, 2012." On June 12, the superintendent advised the Board there would be no head custodian and recommended the Board appoint Feti and another custodian, Peterson, to serve "as the district's custodians <u>for the ensuing school year</u>." (emphasis added).

Two weeks later, on June 26, 2012, the Board unanimously approved Feti's employment "as a Full-Time Custodian, effective July 1, 2012 with an annual salary of $46,000." The Board also passed a resolution appointing Peterson at an annual salary of $36,000. Neither resolution expressly limited the term to the "ensuing school year."

A Board policy adopted about seven years earlier, Policy 4360, precludes appointment for other than a fixed term. Policy 4360 addresses "Support Staff Member Tenure," and it refers to N.J.S.A. 18A:17-3. It requires fixed-term contracts as follows:

> The Board of Education directs that the tenure status of support staff members be determined only in accordance with law and this policy and such contractual terms as may have been negotiated with the employee's majority representative.
>
> Persons employed as janitors, custodians, and maintenance personnel including supervisory personnel will be employed on

> fixed term contracts and will not acquire
> tenure in their positions.
>
> The Board will not grant tenure to any
> employee for whom such tenure has not been
> provided in law.

The Board's position on tenure for custodians is also memorialized in the Board's collective bargaining agreement with the Netcong Teachers' Association, Inc., which was in place from July 1, 2010 through June 30, 2013. Paragraph E of Article XV states: "Custodians shall continue the practice of executing annual employment contracts with the Board. Custodians shall not receive tenure."

According to Feti's testimony, he was given a contract for 2012-2013, which he signed and returned to the superintendent's secretary. To Feti, the contract "looked like every year." He signed it and gave it back to the secretary because it needed the signature of the Board President or a Board member. Feti returned to the superintendent's office more than once to get a signed copy of the contract, but he gave up trying when he did not receive it through the mail as the secretary promised.

On cross-examination, Feti testified he had not read the contract before signing it and did not "pay attention" to it. He did not, however, retract his initial testimony describing

the 2012-2013 contract as looking like the others he had received.

The Board also presented evidence to explain its inability to produce Feti's written contract for 2012-2013. Collectively, the Board's testimonial and photographic evidence demonstrated the business office was not well run during the time at issue. The person responsible for records, including contracts and personnel records, did not maintain files, stored unrelated records in unlabeled boxes, and kept the boxes in different rooms of the building and even in her car. On that evidence, the ALJ determined the Board's inability to produce a contract was attributable to the "dysfunction of the Board's business office" and its prior administrator's poor performance. The Commissioner accepted that determination.

The ALJ concluded the parties' mutual inability to produce Feti's contract for school year 2012-2013 did not preclude a finding that Feti was appointed for a fixed, one-year term. Relying upon Feti's past contracts, the Board's Policy 4360 and the collective bargaining agreement, the ALJ concluded Feti was appointed for a fixed-term, as he had been in the past. There was no evidence even suggesting the Board would have appointed Feti for an indeterminate period in violation of its Policy 4360 and its agreement with the Association. The only testimony on a

contract for 2012-2013 was Feti's describing it as looking like the others.

The ALJ reasoned, and the Commissioner agreed, that reliance on the collective bargaining agreement was consistent with the Court's reasoning in Wright. We agree.

In Wright, the Supreme Court recognized the Legislature adopted N.J.S.A. 18A:17-3 intending to "leave employing boards with some flexibility," and the Court concluded N.J.S.A. 18A:17-3 left room for negotiated agreements addressing "custodians' tenure rights." 99 N.J. at 119-20. Having resolved that question of negotiability, the Court enforced the provision of collective bargaining agreement providing tenure for all members of the Association "after three years of employment," even though the employee had a fixed-term contract. Id. at 116. The Court reasoned that if the "representative unit of the custodians were prohibited from negotiating job security, the result would frustrate, rather than promote, the intent of the janitors' tenure statute," which was to provide some prospect for job security. Id. at 122-23.

While the provision of the Netcong Association's negotiated contract, unlike the one in Wright, did not expand the statutory tenure rights of custodians, neither did it narrow them. In fact, inclusion of this provision in the bargaining agreement

9                                    A-2584-15T2

effectively recognized negotiability and preserved tenure for custodians as a topic for future negotiations.

Neither the ALJ nor the Commissioner focused on the plain language of N.J.S.A. 18A:17-3, but it is worth restating: "Every public school janitor of a school district shall, unless he is appointed for a fixed term, hold his office, position or employment under tenure. . . ." (emphasis added). Given that the statute does not expressly require a formal, written contract signed by the Board and each custodian, we decline to interpret it to require one or to preclude reliance on Policy 4360, the collective bargaining agreement and Feti's prior contracts.

For all of the foregoing reasons, we affirm. The Commissioner's decision is amply supported by the evidence, not inconsistent with legislative policy and reasonable. R. 2:11-3(e)(1)(D). Moreover, Feti's claim that the Commissioner erroneously shifted the burden of proof to him has insufficient merit to warrant any comment beyond reference to Policy 4360 and the Board's agreement with the Association, which prohibited unlimited appointments for custodians. R. 2:11-3(e)(1)(E). Viewed in light of the evidence, Feti's argument urges tenure based on a technical defect unrelated to the Legislature's purpose.

As previously noted, we also affirm the Commissioner's decision to adopt the ALJ's findings and conclusions relevant to the payment Feti was due for work performed and vacation days accrued after the 2012-2013 school year.  R. 2:11-3(e)(1)(D).  A remand is required and directed for the limited purpose of addressing the unexplained discrepancy between the ALJ's and the Commissioner's statements of the additional payment due from the Board to Feti.

Specifically, the ALJ recommended the Commissioner direct the Board to pay "$1000, reflecting" a $1000 increase in Feti's salary and that Feti's "payment for vacation pay should likewise be adjusted to reflect pro rata payment" at that higher annual rate.  In contrast, the Commissioner directed the Board "to pay the petitioner $1000 owed to him for the miscalculation of the payment received for his accrued vacation time" and did not require a $1000 salary adjustment.  On remand, the Commissioner should reconsider and explain the payment due.

Affirmed in part; remanded in part; jurisdiction is not retained.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2584-15T2