RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1688-15T4

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

 Plaintiff-Respondent,

v.

S.P.,

 Defendant-Appellant,

and

A.P.,

 Defendant.
____________________________________

IN THE MATTER OF C.P.,

 A Minor.
____________________________________

 Telephonically Argued April 27, 2017 – Decided November 28, 2017

 Before Judges Suter and Grall.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Bergen County,
 Docket No. FN-02-0161-15.

 Richard A. Foster, Assistant Deputy Public
 Defender, argued the cause for appellant (Joseph E.
 Krakora, Public Defender, attorney; Mr. Foster, of
 counsel and on the brief).
 Peter D. Alvino, Deputy Attorney General, argued the
 cause for respondent (Christopher S. Porrino,
 Attorney General, attorney; Andrea M. Silkowitz,
 Assistant Attorney General, of counsel; Jill
 Stephens-Flores, Deputy Attorney General, on the
 brief).

 Charles Ouslander, Designated Counsel, argued the
 cause for minor (Joseph E. Krakora, Public Defender,
 Law Guardian, attorney; Mr. Ouslander, on the brief).

 The opinion of the court was delivered by

SUTER, J.A.D.

 S.P. appeals the February 19, 2015 order that dismissed

without prejudice the Division of Child Protection and

Permanency's (DCPP) Title Nine litigation in which she requested

a hearing to contest DCPP's administrative finding that

"established" she abused and neglected her child, C.P.1 Although

the Title Nine action was properly dismissed without prejudice,

because S.P. requested a hearing to contest DCPP's administrative

decision that established she abused and neglected C.P., we remand

that issue to DCPP for transmittal to the Office of Administrative

Law (OAL) for a hearing.

1
 S.P. also appealed the April 9, 2015 Summary Finding Order
entered under Title Thirty following trial that continued services
to S.P. and her child because she "[was] unable to adequately care
for the child." Because her brief does not address this order,
she has abandoned the issues raised in the Title Thirty trial.
See Muto v. Kemper Reinsurance Co., 189 N.J. Super. 417, 420-21
(App. Div. 1983).

 2 A-1688-15T4
 S.P. had a one-car accident in November 2014, when she passed

out behind the wheel after leaving church. C.P. was not in the

car. The police found a bottle of prescribed oxycodone in the car

and charged S.P. with driving under the influence.2 The hospital

where S.P. was treated contacted DCPP.

 S.P. was the subject of five earlier referrals to DCPP for

neglect, all regarding alleged substance abuse and all determined

to be unfounded. S.P. told DCPP that she was addicted to opiates,

which were first prescribed for her in 1996 for back injuries from

a car accident. She had attended inpatient and outpatient

substance abuse treatment programs and suffered occasional

relapses. After this accident, she increased her attendance at

an intensive outpatient program from three to five days per week.

Her treating physician confirmed prescribing oxycodone, but was

not aware of a current addiction. C.P.'s father told DCPP he

believed S.P. was addicted to prescription opiates as she "has

always abused her prescribed medications." S.P.'s hair follicle

test was positive for oxycodone and benzodiazepines.

 DCPP's "Investigation Summary" from December 11, 2014,

concluded that "the allegations of [s]ubstantial [r]isk of

[p]hysical [i]njury/[e]nvironment [i]njurious to [h]ealth and

2
 The charge was dismissed in April 2015.

 3 A-1688-15T4
[w]elfare against [S.P.] were ESTABLISHED." The summary reported

that S.P. "failed" to stay drug free and "[a]ll along [S.P.] was

caring for her child [C.P.] and using prescribed medications for

her alleged back pain." The record does not show whether or how

S.P. was advised by DCPP of its determination.

 On December 2, 2014, DCPP filed a verified complaint in the

Family Part under N.J.S.A. 9:6-8.21 to -8.73 (Title Nine) and

N.J.S.A. 30:4C-11 to -15.4 (Title Thirty) for the care and

supervision of C.P. The court upheld removal of C.P. from S.P.'s

physical custody, placed the child under DCPP's care and

supervision and continued the child's physical custody with his

father, A.P. S.P. was ordered to attend various evaluations and

substance abuse treatment. Her visitations with the child were

supervised.

 At a case management hearing in February 2015, DCPP presented

its Investigation Summary that "established" S.P. abused or

neglected her son. S.P.'s counsel requested "a fact-finding on

the issue of abuse and neglect," but the judge granted DCPP's

request to withdraw the Title Nine complaint without prejudice,

denied S.P.'s request for a hearing or for a dismissal with

prejudice, and continued the proceeding solely under Title Thirty.

 Following a hearing, the judge issued an order on April 9,

2015, that the child was in need of "care and supervision or

 4 A-1688-15T4
custody" by DCPP because S.P. was unable to care for him based on

her "extensive history of treatment and ongoing treatment for drug

and alcohol abuse." The judge found that S.P.'s "failed attempts

at recovery occurred [when she] . . . had custody of the child."

 In subsequent compliance reviews, S.P. was compliant with

services, tested negative for drugs, and was allowed to exercise

unsupervised visitation with C.P. The parties were able to agree

on custody and parenting time as memorialized in a consent order.

The Title Thirty litigation was terminated on November 5, 2015,

after a finding by the court that "conditions have been

remediated."

 On appeal, S.P. contends she was denied due process when,

because of the dismissal without prejudice of the Title Nine case,

she was not able to have a fact-finding hearing in the Family Part

to contest DCPP's administrative finding under N.J.A.C. 10:129-

7.3(c) that "established" she abused and neglected C.P. Based on

our decision in N.J. Div. of Child Prot. & Permanency v. V.E., 448

N.J. Super. 374 (App. Div. 2017), we agree that S.P. should have

had an administrative hearing to contest DCPP's finding that

"established" her abuse and neglect.

 An abused or neglected child is defined in pertinent part as:

 a child whose physical, mental, or emotional
 condition has been impaired or is in imminent
 danger of becoming impaired as the result of

 5 A-1688-15T4
 the failure of his parent . . . to exercise a
 minimum degree of care . . . in providing the
 child with proper supervision or guardianship,
 by unreasonably inflicting or allowing to be
 inflicted harm, or substantial risk thereof,
 . . . or by any other acts of a similarly
 serious nature requiring the aid of the court
 . . . .

 [N.J.S.A. 9:6-8.21(c)(4)(b).]

DCPP investigates allegations of child abuse and neglect under

that statute by following "the defined child protection

investigation process, as authorized by N.J.S.A. 9:6-8.11 and

promulgated regulations, N.J.A.C. 3A:10-7.3(b)." V.E., supra, 448

N.J. Super. at 386.

 DCPP's regulations allow for four types of findings:

substantiated, established, not established, and unfounded. See

N.J.A.C. 3A:10-7.3(c)(1)-(4). While "substantiated" and

"established," require a finding by DCPP of child abuse under

N.J.S.A. 9:6-8.21(c), the other two findings, "not established"

and "unfounded," are made when DCPP's investigation does not

indicate child abuse. N.J.A.C. 3A:10-7.3(c)(1)-(4).

 An "established" finding occurs when "the preponderance of

the evidence indicates that a child is an 'abused or neglected

child' as defined, but the act or acts committed or omitted do not

warrant a finding of substantiated." N.J.A.C. 3A:10-7.3(c)(2).

The regulations allow for a fact finding hearing only when DCPP's

 6 A-1688-15T4
investigation has "substantiated" child abuse or neglect, but not

when the finding of child abuse or neglect is "established."

 We recently held in V.E., supra, 448 N.J. Super. at 402, that

"when [DCPP] finds parental conduct establishes abuse or neglect

of a child, subjecting the individual to the ramifications of

disclosure set forth in various identified statutes, a party who

seeks to challenge that finding shall be entitled to an

administrative hearing."

 In V.E., DCPP investigated an allegation that V.E. had abused

or neglected her child. DCPP made a finding under N.J.A.C. 3A:10-

7.3(c)(2) that "established" abuse and neglect by V.E. DCPP filed

a complaint under Title Nine and Title Thirty for the care, custody

and supervision of the child. When DCPP sought to dismiss the

Title Nine portion of the complaint and proceed solely under Title

Thirty, V.E. objected, and asked for a hearing on the

administrative finding that established her abuse and neglect.

The judge denied V.E.'s request, and ordered the Title Nine action

dismissed without prejudice.

 We concluded in V.E. that due process required an

administrative hearing because DCPP's determination that

"established" V.E.'s abuse or neglect had "broad impact." V.E.,

 7 A-1688-15T4
supra, 448 N.J. Super. at 395.3 We agreed that the Title Nine

litigation was properly dismissed without prejudice because

reunification was achieved and DCPP concluded abuse and neglect

was not substantiated. Also, appellate review alone was not

adequate because "the determination of disputed facts, including

credibility determinations, [was] not the function of this court."

Id. at 401-02 (citing N.J. Div. of Youth & Family Servs. v. M.R.,

314 N.J. Super. 390, 411-12 (App. Div. 1998)). Thus in V.E., we

affirmed the dismissal of the Title Nine litigation, reversed the

DCPP's denial of an adjudicative hearing and remanded the matter

to the OAL for a hearing. 448 N.J. Super. at 404.

 V.E.'s holding applies here. Using the same regulations that

we examined in V.E., DCPP made an administrative finding that the

allegation of abuse or neglect against S.P. was "established."

Similar to V.E., S.P. requested a hearing in the Title Nine

litigation but that litigation was withdrawn by DCPP, leaving her

without a hearing on DCPP's finding of abuse and neglect. We

agree the Family Part judge correctly ordered the dismissal without

3
 The impact included the release of DCPP's "abuse and neglect
records" pursuant to N.J.S.A. 9:6-8.10a(b) to "[a] lengthy list
of institutions, governmental entities, and persons," set forth
in N.J.S.A. 9:6-8.10a(b)(1) to (23), -8.10a(c) to (g). Id. at
392. The records could be used by DCPP for future actions
involving childcare placement and termination of parental rights.
Ibid.

 8 A-1688-15T4
prejudice of the Title Nine litigation when DCPP requested this.

However, under DCPP regulations, S.P. could not obtain an

administrative hearing to contest the finding that established her

abuse and neglect. As we held in V.E., "an administrative hearing

is required to contest the [DCPP's] conclusion abuse or neglect

is established." 448 N.J. Super. at 400.

 S.P. contends the hearing should be conducted in the Family

Part. However, S.P. is challenging a decision by DCPP. This

court has exclusive jurisdiction to review the final decisions of

State agencies. R. 2:2-3(a). Because we determine a hearing is

necessary, we remand this matter to DCPP for transmittal to the

Office of Administrative Law (OAL) for a hearing.

 Affirmed and transferred to DCPP for transmittal to the OAL

for a hearing.

 9 A-1688-15T4